## In re SECURITIES AND EXCHANGE COMMISSION.*

District Court, S. D. New York.
March 18, 1936.

*Order affirmed 84 F.(2d) 316.

William W. Prager, Asst. Gen. Counsel, of New York City (William W. Prager and Irving J. Galpeer, both of New York City, of counsel), for Securities and Exchange Commission.

Abraham M. Lowenthal, of New York City, for respondents.

PATTERSON, District Judge.

The Securities and Exchange Commission undertook an investigation of the activities of Pirnie, Simons & Co., in transactions involving the securities of a company. It caused subpœnas to be served on the respondents Bracken, McAvoy, Aarons, and Reid, commanding them to appear before an officer of the Commission and to give testimony. The respondents appeared, but each of them declined to testify unless the Commission would agree to give him a copy of his testimony or would permit him to bring with him a stenographer to take down his testimony. The Commission rejected these conditions. It now . seeks a court order requiring the respondents to testify unconditionally.

The Securities Exchange Act of 1934, in section 21 (b), 15 U.S.C.A. § 78u(b) gives the Commission the power to subpœna witnesses and take their testimony for purposes of investigating whether any person has violated, or is about to violate, any provision of the act. By section 21 (c), 15 U. S.C.A. § 78u(c), the act gives the Commission the right to invoke the aid of this court in cases of refusal to obey its subpœnas, and empowers the court to issue orders to compel attendance of witnesses be-

fore. the Commission or any designated officer of the Commission and to require the giving of testimony touching the matter under investigation. This provision is taken from a similar enactment in the Interstate Commerce Act, § 12 (49 U.S.C.A. § 12), and the power of the Interstate Commerce Commission to subpœna witnesses, as well as the power of the court to enforce obedience on the part of witnesses, has been a closed matter for many years. Interstate Commerce Commission v. Brimson, 154 U. S. 447, 14 S.Ct. 1125, 38 L.Ed. 1047. The power of the Securities Exchange Commission to obtain information touching the matters confided to it by Congress and the power of the courts in relation to giving appropriate relief to the Commission when persons under subpœna refuse to testify without just cause are fully as broad. The question then is whether the respondents had justification for refusing to testify before an officer of the Commission in an investigation; their attempted justification being that the officer declined to agree that they might have copies of their testimony and also declined to permit them to bring along their own stenographer.

It is said that the Commission's own rules provide for the furnishing of transcripts of testimony to parties interested. The reference is to rule IV. But that rule by its terms has to do with "hearings" before the Commission, and there is a plain and broad distinction between a "hearing" and an "investigation" by the Commission, a distinction recognized in the act itself. The hearing referred to in the Securities Exchange Act and in the rules of the Commission is a proceeding of relative formality, generally public, with definite issues of fact or of law to be tried, in which the parties proceeded against have a right to be heard. It is much the same as a trial. It may terminate in a final order. An investigation, on the other hand, is informal, preliminary, and usually private. It is conducted to determine whether grounds exist for taking more formal proceedings. There are no parties in any substantial sense, no definite issues. There is no right to be heard. The argument that the Commission's own rules sustain the respondents' conditions is untenable.

The other argument is that there is something inherently unfair, if not unconstitutional, in requiring a witness to testify in a secret investigation by an administrative agency of the government, without giv-

ing him a copy of his testimony or affording him the opportunity to bring his own stenographer. It is no more unfair than the proceedings of a grand jury, whose functions are also investigatory.· Secrecy in preliminary inquiry is generally essential for the protection of the innocent as well as the prosecution of the guilty. Ottinger v. Civil Service Commission, 240 N.Y. 435, 148 N.E. 627; People ex rel. Karlin v. Culkin, 248 N.Y. 465, 478, 162 N.E. 487. The power is capable of abuse, but the wrongs that would flow from a requirement of publicity at preliminary investigations would be worse. There is no reason to believe that the officers of the Commission will abuse the powers that are confided to them in the public interest.

The application will be granted without conditions. An order will issue directing the respondents to appear and give testimony regarding the matter under inquiry.