**BROWN, Administrator, Office of Price Administration, v. BAER et al.**

District Court, N. D. Illinois, E. D.

Sept. 16, 1943.

George J. Burke, of Washington, D. C., Alex Elson, John F. Manierre, and Paul A. H. Shults, all of Chicago, Ill., for plaintiff.

Edward J. Rothman and Butler & Aaron, all of Chicago, Ill., for defendants.

BARNES, District Judge (orally).

In the case at bar—Prentiss M. Brown, Administrator, Office of Price Administration, v. Julius Baer et al., an application has been filed to compel the respondents to attend, testify, and produce documentary evidence. It appears that the respondents to this proceeding have been summoned to testify before an examiner for the Administrator and that they attended with counsel, that they insisted upon the presence of their counsel, and upon their right to have a stenographic report of the proceedings made by a reporter hired by them; that the examiner objected to the presence of counsel and the presence of a stenographer, and the respondents refused to testify except their counsel and stenographer be present.

The prayer of the application is that an order be issued for the witnesses directing respondents to appear before a representative of the petitioner at a place designated in the application at such time as may be designated by the court and then

thereto testify with respect to transactions pertaining to the purchase of meat from the Empire Packing Company during the period from May 1, 1943, to August 10, 1943, and then and there to produce all invoices, records, and other documents pertaining to the purchase of meats from the Empire Packing Company by respondents for the period from May 1, 1943, to August 10, 1943, without the presence of Edward J. Rothman, M. D. Kaufman, Herman Aaron, or any other counsel for themselves or Empire Packing Company, and without the presence of a court reporter of their own choosing, and for such other and further relief as may be necessary or appropriate in the premises.

The pertinent sections of the statutes are as follows:

"Sec. 202(a) The Administrator is authorized to make such studies and investigations and to obtain such information as he deems necessary or proper to assist him in prescribing any regulation or order under this Act, or in the administration and enforcement of this Act and regulations, orders, and price schedules thereunder. * * *

"(c) For the purpose of obtaining any information under subsection (a), the Administrator may by subpena require any other person to appear and testify or to appear and produce documents, or both, at any designated place." 50 U.S.C.A.Appendix, § 922(a, c).

The statutes give the District Court the power to compel attendance and the production of documents.

Counsel for the administrator truthfully says that the answer filed by the respondents presents squarely for determination the question whether a witness attending in response to the Administrator's subpoena is—(1) entitled to be attended by counsel of his own choosing, and (2) entitled to be attended by a court reporter or stenographer of his own choosing over the objections of the official conducting the investigation.

Counsel for the Administrator has filed a brief wherein a number of cases are called to the court's attention which counsel contends warrant the court in granting the relief sought in the application.

Some of the cases called to the court's attention are: In re Black, 2 Cir., 47 F. 2d 542; Low Wah Suey v. Backus, 225 U. S. 460, 32 S.Ct. 734, 56 L.Ed. 1165; United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221; In re Securities and Exchange Commission, D.C., 14 F.Supp. 417, 418; In re Securities and Exchange Commission, 2 Cir., 84 F.2d 316; Bracken v. Securities and Exchange Commission, 299 U.S. 504, 57 S.Ct. 18, 81 L. Ed. 374; Woolley v. United States, 9 Cir., 97 F.2d 258, 259; Consolidated Mines of California et al. v. Securities and Exchange Commission, 9 Cir., 97 F.2d 704; Securities and Exchange Commission v. Torr, et al., D.C., 15 F.Supp. 144.

The Court does not believe that any one of these cases or all of them together go so far as the court is asked to go in the case at bar. In a number of these cases to which reference has been made, it is stated or inferred that an officer conducting an examination for the purpose of acquiring information is analogous to a grand jury. The court is of the opinion that only in the loosest sense is that true. The Federal Grand Jury by statute consists of not less than sixteen nor more than twenty-three residents of the district, and under the law it is required to consist of persons free from all legal exemptions, of fair character, of a proved integrity, sound judgment, well informed and who understands the English language; and those sixteen to twenty-three persons, in the vast majority of cases, come from the body of the residents of the district (in this district) ten times a year.

The powers and duties of a grand jury are very definitely defined by law. Their powers are exceedingly great, much greater than the average citizen or average grand juror realizes. The proceedings before a grand jury are well known to our people; they are accustomed to investigations by grand juries; they see nothing strange or bizzarre in an investigation by a grand jury, and they submit without question to an examination by a grand jury without counsel and without the presence of a stenographer.

The statute under which the Administrator is proceeding does provide that the Administrator is authorized to make studies, investigations, and to obtain information, but it does not say anything about any appointee of the Administrator having the power or powers of a grand jury. If Congress desired that the appointees of the Administrator have the powers of a grand jury, it would have been very easy to say so.

The Administrator by himself and his appointees is without question authorized[o] to make studies and investigations, and to investigate and obtain information. To that end he is authorized to compel persons to attend by means of the subpoena. He is also authorized to compel them to attend and produce documents. Now, that language can be given an effect and it should be given an effect.

We Americans, accustomed as we are to proceedings in accordance with the forms of a system of law handed down to us from England, are distrustful of and fearful of secret proceedings. We are accustomed to having all of our court proceedings, substantially without exception other than proceedings before a grand jury, conducted in the open, in public places, and we dislike and are suspicious of such proceedings conducted otherwise.

I think the statutes which we are considering can be given an effect which Congress intended and which will accomplish practically everything that the Administrator desires without stretching the language of the statutes and without shocking the sensibilities of the average American, and I am willing to make an order which I think will do that.

The order which the court is willing to make may provide as follows: that the respondents shall attend at a certain time and in a certain place, which shall be a public place, open to a reasonable number of the members of the public, and produce such documents as are desired to be produced by the Administrator, and give testimony before a person designated by the Administrator.

The respondents shall not be entitled to have counsel participate in the proceedings before the examiner, and if counsel attempts to participate in such examination, the examiner will be permitted to have him ejected, and if he refuses to desist from such participation, the Administrator may pursue his remedies under the law for his disturbing the proceedings.

If it happens that counsel as a member of the public attends or if it happens that a stenographer, a person skilled in the practice of stenography attends, that shall not be regarded as a violation of this rule. Those persons will be considered as attending as part of the public, and if it happens that that stenographer makes notes

of the proceedings, the court cannot see any objection to that, but neither the counsel nor the stenographer may be permitted to interrupt the examination.

Now, I think that is the kind of an examination that the Congress contemplated, and that is the kind of an examination that I am willing to order the respondents to submit to. The court is not willing to compel these respondents to submit to a secret examination nor to submit to an examination held in private. The court will be very glad indeed to have the Administrator review the order which will be made in accordance with what the court has said, because if the power exists as the Administrator contends, doubtless it should be exercised, and if the power does exist, a reviewing court will find it to exist.

Let the foregoing transcript be filed of record.