**BOWLES, Adm'r of Office of Price Administration, v. BAER et al. (two cases).**

**SAME v. LIZAK.**

Nos. 8452–8454.

Circuit Court of Appeals, Seventh Circuit.

May 25, 1944.

788

Alex Elson, John F. Manierre and Robert B. Johnstone, all of Chicago, Thomas I. Emerson, Deputy Administrator, David London, Chief, Appellate Branch, Samuel Mermin, Chief, Briefing Branch, and Joseph B. Goldman, Atty., Office of Price Administration, all of Washington, D. C., for Bowles.

Edward J. Rothman and Herman L. Aaron, all of Chicago, for Baer and Lizak.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The Administrator of the Office of Price Administration, in connection with an investigation of purchases of meat from the Empire Packing Company, issued subpoenas duces tecum to 15 persons who had dealt with that company, ordering them to appear at a stated time and place to testify concerning their transactions with the company for a certain period and requiring them to bring with them all invoices, records, and other documents pertaining to the purchase of meat from the company for that period. The witnesses responded to the subpoenas and reported as directed, accompanied by their attorneys and a court reporter. All of the witnesses but one were represented by the attorney for the Empire Packing Company. The Administrator, however, through his lawful agent, had proposed to hold the investigation privately and not publicly. Consequently, the representative of the Office of Price Administration conducting the investigation, after a few preliminary questions to the witnesses, told each that his attorney and court reporter would have to withdraw from the room. The attorneys and reporter refused to withdraw unless authorized by their clients, and the witnesses refused to answer any questions in the absence of their attorneys and reporter.

Upon the refusal of the witnesses to testify, the Administrator applied to the United States District Court for the Northern District of Illinois, Eastern Division, for an order requiring the witnesses to appear at a certain time and place with the documents called for, without their attorneys and their reporter. The witnesses filed an answer to this complaint, and oral argument was had. The court ordered the witnesses to appear and testify before a representative of the Administrator without their attorneys to represent them and without their reporter, but provided that the investigation be open to the public, which could include the attorneys and the reporter so long as they did not interrupt or interfere with the proceedings.

The Administrator has appealed from the order in its entirety, and the witnesses have filed a cross-appeal from so much of the order as required them to attend without being represented by their attorneys or being attended by their reporter.

The Administrator was proceeding under the authority granted by § 202(a) (c) and (e) of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 922 (a) (c) and (e), the pertinent provisions of which are set forth in the margin.[1]

■ This was an investigation, not a hearing. Investigations are informal proceedings held to obtain information to govern future action and are not proceedings in which action is taken against anyone.

[1] "(a) The Administrator is authorized to make such studies and investigations and to obtain such information as he deems necessary or proper to assist him in prescribing any regulation or order under this Act, or in the administration and enforcement of this Act and regulations, orders, and price schedules thereunder. * * *

"(c) For the purpose of obtaining any information under subsection (a), the Administrator may by subpena require any other person to appear and testify or to appear and produce documents, or both, at any designated place. * * *

"(e) In case of contumacy by, or refusal to obey a subpena served upon, any person referred to in subsection (c), the district court for any district in which such person is found or resides or transacts business, upon application by the Administrator, shall have jurisdiction to issue an order requiring such person to appear and give testimony or to appear and produce documents, or both; and any failure to obey such order of the court may be punished by such court as a contempt thereof. * * *"

Investigations, such as this by the OPA, have no parties and are usually held in private, just as a grand jury carries on its investigations in private. Investigations may very properly be held in private. Woolley v. United States, 9 Cir., 97 F.2d 258, 262; In re Securities and Exchange Commission, D.C., 14 F.Supp. 417, 418, affirmed, 2 Cir., 84 F.2d 316, reversed for mootness, Bracken v. Securities and Exchange Comm., 299 U.S. 504, 57 S.Ct. 18, 81 L.Ed. 374.

On the other hand, in a hearing there are parties, and issues of law and of fact to be tried, and at the conclusion of the hearing, action is taken which may materially affect the rights of the parties. Hearings are usually open to the public. The parties are entitled to be present in person and by counsel and to record the proceedings or be provided with a record by the hearing body. The parties to a hearing are entitled to participate therein, to argue, and to brief their case, and, if findings of fact and an order are made, they are entitled to be furnished copies. Morgan v. United States, 304 U.S. 1, 58 S. Ct. 999, 82 L.Ed. 1129. These essential differences between an investigation and a hearing are what permit the two proceedings to be conducted in different manners.

■ There is nothing in the nature of the proceeding in question here which requires it to be held in public. Neither does the statute require it. The power to hold such an investigation was given by statute to the Administrator. In the absence of words in the statute prescribing the manner in which such investigations were to be held, the Administrator had a right to determine for himself how the investigation was to be conducted and regulated.

■ The District Court was given no power by the statute to regulate the manner in which the investigation was to be conducted. The Administrator was given authority to subpoena witnesses before him for investigation. If they refused to appear and testify or to bring the requested documents, the Administrator was authorized to apply to the District Court for an order requiring them to comply with his subpoenas. On such application, the District Court has to determine only whether the Administrator was conducting an investigation, whether he had subpoenaed the witnesses named in the complaint to appear and bring the papers and documents properly identified in the subpoenas, and whether the witnesses had refused to comply. If these essential elements are present, the District Court has no right to do more than to order compliance.

■ The court had no right here to control by its order the manner in which the Administrator might conduct his investigation. We know of no provision of the Constitution or of the Price Control Act which authorized the court to order a public hearing. By doing so, the court imposed conditions which it had no right to impose. The order should have been issued without the limitations prescribed therein.

The judgment of the District Court is reversed in so much as it ordered the investigation to be held in public. The balance of the judgment is affirmed.