Henry Clay Greenberg, J.
Motions Nos. 113 and 116 are consolidated.
The Waterfront Commission seeks to punish George Barone, an organizer for the International Longshoremen’s Association and president of Local 1826 of the International Longshoremen’s Association, for contempt for refusing to testify as a witness at an investigation pursuant to a subpoena of the commission. Barone has cross-moved to quash the subpoena.
The court is authorized to quash a subpoena and halt an investigation at the threshold only when the futility of uncovering legitimate evidence appears inevitable or obvious. (Matter of Edge Ho Holding Corp., 256 N. Y. 374, 382.) A witness may always object to particular questions in the course of his interro *328 gation as outside the scope of the investigation or the powers of the investigators.
The statutory power of the commission to conduct the present investigation is clear. It has the power and duty under the Waterfront Commission Act creating it “To make investigations * * * concerning waterfront practices generally * * * upon all matters relating to the accomplishment of the objectives of this compact * * * [and] to make annual and other reports to the governors and legislatures of both states [New York and New Jersey] containing recommendations for the improvement of the conditions of waterfront labor ” (L. 1953, ch. 883; Compact, art. IV, §§ 11,13). The purpose of the present investigation has been openly stated to be to ascertain whether certain named notorious criminals are seeking to re-establish their control of the waterfront; the payment to them without consideration of moneys from the International Longshoremen’s Association through such conduits as the Chelsea Mailing Service, mailing agent for the International Longshoremen’s Association Longshore News; arid the present relationship generally between criminal elements arid the International Longshoremen’s Association. Information is said to have been received by the commission that Barone consorts with these criminal elements and has knowledge of these practices.
Barone contends that the real purpose of the investigation is to inquire into the workings of the International Longshoremen’s Association in order to undermine it, and also into his personal life. Some impingement on these areas cannot be avoided and indeed, is to be expected, if the stated purpose of the commission— a perfectly legitimate and authorized purpose — is to be accomplished. It is only for abuses of the investigatory power that the courts may interfere. At this stage Barone’s complaint is directed to the entire investigatory function and obviously is untenable. Our courts have uniformly sustained the subpoena power of the Waterfront Commission in substantially identical cases involving the International Longshoremen’s Association, its Welfare Fund and Barone himself.
The ground upon which Barone first refused to testify was that the commission would not permit a private shorthand reporter hired by his counsel to take minutes of his interrogation. The commission permits witnesses to be represented by counsel but reserves the right to refuse to furnish a transcript of their testimony.
The controlling principle is that in an investigation authorized to be held to obtain information for future action in the public *329 interest, a witness is not entitled as of right to a copy of his testimony, or the opportunity to bring his own stenographer (Bowles v. Baer, 142 F. 2d 787; Matter of Securities & Exch. Comm., 14 F. Supp. 417, affd. 84 F. 2d 316). The privilege extended by the commission as to representation of witnesses by counsel does not carry with it the right, as in the case of an adversary-party proceeding, to a copy of his testimony.
The motion to punish for contempt is granted and the cross motion to quash the subpoena is denied.
Settle order providing for a purging of the contempt if Barone appears and testified upon a date to be fixed therein.