Joseph Life, J.
The petitioner is the duly appointed Commissioner of Accounts of Nassau County. In the course of the conduct of his investigation into the accounts, methods and activities of the Department of Public Works of the county, he caused to be issued subpoenas duces tecum for three corporations and four individuals (employees of said corporations). The subpoenas required them to attend at the time and place designated to testify in private in connection with the investigation and to produce their books and records for use upon the inquiry. The witnesses responded to the subpoenas, were represented by counsel, were sworn, and then refused to answer questions put to them by the Commissioner.
The petitioning Commissioner seeks an order directing them to answer the questions and to produce their books and records, or in the alternative, to punish them for contempt for their refusal to comply with the subpoenas.
The answer submitted to the petition herein was made by one of the witnesses, an assistant treasurer of the three corporate respondents. The individual respondents neither answered nor submitted any papers in opposition to the application. However, it will be deemed that the answer and all other papers *779 offered in opposition were submitted in, behalf of all the respondents.
The respondents urge that there is no basis for the investigation., The petitioner has demonstrated the reasons justifying the initiation of the investigation and it cannot be halted at the threshold. (Matter of Edge Ho Holding Corp., 256 N. Y. 374.) The Commissioner had before him the testimony of a former employee of the Department of Public Works that he had received a gift from the corporate respondents. The petition also contains allegations that it was the practice of the corporate respondents to make gifts to Park Department employees; that an employee of the Department had specified the procurement of items distributed by the corporate respondents; and the net effect is to provide reasonable grounds for believing that an investigation should be made. The respondents’ arguments, such as the amount of business done by the respondent corporations with the county as compared with the total volume of their business; that the volume of their business with the present county administration has increased over that done with prior administrations; the extent of the correspondence and other communications among- respondents, their counsel, and the petitioner, etc., are irrelevant in the light of the aborted attempt of the investigating agent to discharge his obligation. In essence, the respondents argue that they have complied with the subpoenas and that they are being harassed. It appears that they have co-operated in a substantial measure in the submission of records. It is equally apparent that they have resisted the petitioner’s attempts to conduct the oral inquiries in connection with which the records submitted are relevant. The respondents concede the authority of the Commissioner to conduct the investigation, to issue the subpoenas, and to take testimony. That authority is found in sections 206 and 2213 of the County Government Law of Nassau County (L. 1936, eh. 879, as amd.) and has been sustained by this court. (Matter of Gilmartin v. Lipson, 34 Misc 2d 998.)
A person who disobeys a valid subpoena issued by the Nassau County Commissioner of Accounts is guilty of a misdemeanor and may be punished by fine of not more than $500, or by imprisonment for not more than three months, or by both such fine and imprisonment (§ 2213).
Section 206, defines the powers and duties of the Commissioner of Accounts of Nassau County as follows: “ The commissioner of accounts shall have power to examine the financial and other records of the comptroller and treasurer and to make such other examinations as he may deem to be for the best *780 interest of the county, of. the accounts, methods and activities of each department, institution, office or agency of the county and of the towns and special districts without exception, and to report to the county executive his findings thereon.” On the examination of the first witness who responded to the subpoena, counsel for that witness raised an objection that the subpoena issued for the investigation into the affairs of the Department of Public Works of the county could not be interpreted to extend to the Department of Purchases. The witnesses have not pressed that objection here. However, where the conduct and affairs of a municipal department are scrutinized, the effort may not be frustrated when the path of inquiry leads into the affairs of a companion department in the structure of the county government. (Matter of Edge Ho Holding Corp., 256 N. Y. 374, supra.)
The witness is entitled to be apprised of the general subject of the investigation, not what is expected to be gleaned from the witness himself. (Matter of Sears [Shapiro], 1 A D 2d 848, affd. 1 N Y 2d 693.) The subpoenas issued here meet this test.
The respondents have raised the question that their request to be furnished with a copy of the transcript of the testimony of the several witnesses was improperly refused. Neither sections 206 nor 2213, provide the method by which the Commissioner is required to conduct his investigation, and absent such a provision, he may conduct it in such manner as he may reasonably determine. (Cf. Matter of Marcus, 139 Misc. 675, affd. 232 App. Div. 731, appeal dismissed 255 N. Y. 630.) The attention of the court has been directed to two reported cases in which it was held that the witness is not entitled as of right to a copy of the transcript of his testimony. (Matter of Waterfront Comm. v. Barone, 20 Misc 2d 327; Sanborn v. Goldstein, 118 N. Y. S. 2d 63, appeal dismissed 284 App. Div. 879.) An examination into the authorities and a search of statutory provisions has failed to reveal any requirement that the Commissioner furnish a copy of the transcript to the witness. In fact, an effort is made to cloak all such inquiries with a mantle of secrecy so that the purpose of the inquiry shall not be thwarted. (See Matter of Ottinger v. State Civil Serv. Comm., 240 N. Y. 435, 438.) Where the Legislature desired that transcripts be furnished, it has so provided. The statute and decisions of the courts support the conclusion that generally transcripts should be furnished where the proceeding is adversary in its nature. (Cf. Judiciary Law, § 295 et seq.; Education Law, § 7607, subd. 2.) In 1954 the Legislature enacted section 73 of the Civil Eights Law (not applicable to the Commissioner of Accounts of Nassau County [§ 73, subd. 1, par. 1]). Section 73 was a *781 codification of rules for fair procedure by investigating agencies. It provided that hearings could be held either in public or in private (subd. 1, pars, [c], [d]) and expressly stated that the witness was entitled to receive a copy of his testimony at a public .hearing, upon paymenl of the cost thereof (subd. 3); and where the testimony was given at a private hearing, conditions were imposed that the furnishing of the transcript would only be made where it would “not prejudice the public safety or security ” (subd. 4). In 1958, in place of the theretofore existing, office of State Commissioner of Investigation, the Legislature created a Temporary State Commission of Investigation upon which it conferred the duty and power to conduct investigations (L. 1958, ch. 989) and that commission could conduct either public or private hearings. Section 5 of chapter 989 of the Laws of 1958 provides that any person conducting or participating in the investigation by the State Commission who disclosed the name of any witness examined by the commission, or information given upon the examination or investigation, except as expressly authorized therein, shall be guilty of a misdemeanor. Similar provisions have been made to safeguard the proceedings of a Grand Jury (Code Crim. Pro., § 952-t) and the investigation of the Attorney-General (G-eneral Business Law, § 352, subd. 5). Thus it cannot be disputed that where the power to conduct an investigation is conferred, it is intended that the proceedings, except as otherwise expressly provided, should be protected against improper, unnecessary and premature disclosure.
It follows, therefore, that the Commissioner here was authorized to conduct the investigation and that the method for its conduct was not prescribed by the Legislature. He could, therefore, conduct his investigation in public or in private and he should not be required to furnish a transcript of the testimony which would be given at a private hearing.
The United States District Court in the Southern District discusses the difference between a hearing and an investigation in Matter of Securities £ Exch. Comm. (14 F. Supp. 417) and the court noted that secrecy in the conduct of the investigation was essential. (To the same effect, see Matter of Securities & Exchange Comm., 84 F. 2d 316 and Bowles v. Baer, 142 F. 2d 787.) The respondents have referred the court to Matter of Mott v. MacMahon (214 F. Supp. 20) which is not applicable here. The proceeding which was the subject of that decision Avas a “ controversy between the Internal Revenue Service and the taxpayer ’ ’ and ‘ ‘ was, then, in essence, an unresolved disagreement as to money or property or both, and the ‘ hearing ’ *782 related .to; that disagreement ” (p. 22). The courialso indicated -that the .only -diffei'encp between the parties, to the .controversy was that_.it .-did.",.-not involve..-two private .citizens and'; that one of the parties was an agency of the Federal Government (p.. 22), The court further, in support of its conclusion, stated that ‘1 .There is no sound reason, requiring that the witness here be in the hands of an adversary for such a record ” ,(p. 23). Therefore, the court required that--the adversary party, the citizen, be furnished with a transcript of the hearing; Thus the authority cited by the respondents supports the conclusions reached by this court.
: It may be that a witness who is examined by the Commissioner of Accounts may at some future time, when a demonstrated need arises, be entitled to receive a copy of the transcript of its testimony. (Cf. Civil Rights Law, § 73, subd. 4.) That time is not now nor in this-proceeding. (Matter of Waterfront Comm. of N. Y. Harbor v. Barone, 9 A D 2d 670.)
The court finds that the inquiry was within the scope of the power and authority of the Commissioner of Accounts; that the subpoenas were proper in form and properly served; that,The propounded questions were pertinent to the inquiry; and that the refusal to testify was not justified. •
The Commissioner of Accounts has indicated that he is not primarily concerned with punishing the respondents for contempt, but rather that they be directed to answer all proper and relevant questions that he may put to them in the course of his investigation. Accordingly, the respondents are directed to appear before the Commissioner of Accounts at the date, time, and place to be fixed in the order to be entered hereon and to make answer to questions propounded by the Commissioner in the conduct of his investigation, and to produce their books and records pursuant to the subpoenas. In default .of such appearance and compliance, the petitioner may submit a further-order adjudging the respondents in contempt. >
It should be noted that nothing herein is intended to deny to • the respondents their constitutional privileges.