Mario Pittoni, J.
This is another application for an order quashing subpoenas issued by Milton Lipson, Commissioner of Accounts.
At the oral argument, before the petitioner submitted his brief, his attorney stated that he would demonstrate a legal distinction between this case and my prior Gilmartin decision (Matter of Gilmartin v. Lipson, 34 Misc 2d 998). No discernible distinction has been made. The petitioner in the Gilmartin case was not a public official, but a private citizen, and he too was held obligated to answer to the subpoena issued by the Commissioner of Accounts. So, if the present petitioner, Piloffi, claims he is only a private citizen, his contention of immunity from appearing must fail.
The issues involved in this proceeding have been passed upon at least four times, and in three cases the petition to quash the subpoena was dismissed and the petitioner was required to appear pursuant to the subpoena (Matter of Gilmartin v. Lipson, supra; Matter of Lipson, 39 Misc 2d 778; Matter of Phillips [Lipson], N. Y. L. J., Nov. 14, 1963, p. 16, col. 7). In another, where the same issues were involved, a recalcitrant witness was ordered apprehended by the Sheriff and ordered taken before the commissioner (Matter of Lipson v. Martling, 40 Misc 2d 663).
In summary, the Commissioner of Accounts has the power to subpoena the petitioner even if he is a private citizen, and to conduct examinations concerning the Town of North Hempstead and the Nassau County Planning Commissioner (County Government Law of Nassau County, §§ 206, 2213; L. 1936, ch. 879, as amd.; cases cited supra; Matter of Hertle, 120 App. Div. 717, 720, affd. 190 N. Y. 531; Matter of Edge Ho Holding Corp., 256 N. Y. 374, 380). The subpoenas are proper in form and valid (CPLR 2301, 2302, subd. [a]; County Government Law, § 2213; Matter of Gilmartin v. Lipson, supra; Matter of Edge Ho Holding Corp., supra; Matter of Blitzer v. Bromberger, 295 N. Y. 596). The matter at hand, being an investigation of county and town bodies, is relevant to the investigation and examination of these governmental bodies (Matter of Edge Ho Holding Corp., supra).
The possible danger of being asked criminally incriminating questions cannot properly be raised in this proceeding, but can and may be raised when the petitioner appears before the commissioner and is then asked questions, the answers to which might tend to incriminate him (Matter of Gilmartin v. Lipson, supra; Matter of Phillips [Lipson], N. Y. L. J., Nov., 14, 1963, p. 16, col. 7, supra; United Ind. Syndicate v. Weismann, 2 A D *965 2d 663; Heit & Weisenthal v. Licht, 218 App. Div. 753; Matter of Bonanno v. Ryan, 18 Misc 2d 711). In the words of the Phillips case, “ When and if an examination by an investigating official exceeds the authority of such official or impinges upon the constitutional or statutory rights of the party who is being questioned, then an issue arises which may properly be brought before the court for determination.”
The petition is dismissed and the stay is vacated.
The petitioner is directed to comply with the subpoenas.