■ In the Matter of ALBERT K. PILOFF, Appellant, v. MILTON LIPSON, as Commissioner of Accounts of the County of Nassau, Respondent.— In a proceeding to vacate a subpoena and three subpoenas duces tecum, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated January 3, 1964, as: (a) denied his application

to quash the subpœnas duces tecum insofar as they required him to produce his " Federal and State income tax returns, examinations by tax authorities and reports thereon," and (b) directed him to produce such documents. Order, insofar as appealed from, affirmed, without costs. The said documents shall be produced by petitioner on 10 days' written notice or on such date as the parties may fix by written stipulation. While the petitioner is not a salaried employee of the Town of North Hempstead or of the County of Nassau, nevertheless, as a consulting engineer he received from the town, in a period of about five years, fees of over $1,150,000. Under the circumstances shown in the record, it may not be held in advance that it is obvious and inevitable that respondent's inspection of the petitioner's income tax returns, of the examinations by tax authorities and of the reports thereon will fail to uncover any relevant and legitimate fact with respect to the respondent's current investigation (cf. *Matter of Edge Ho Holding Corp.*, 256 N. Y. 374; *People ex rel. Sillifant* v. *Sheriff*, 6 N Y 2d 487; *Matter of Lipson* v. *Malvese & Co.*, 20 A D 2d 666). Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur. [41 Misc 2d 963.]