No. 45,396

State of Kansas, ex rel. Robert C. Londerholm, Attorney General; The State Highway Commission of Kansas, *Appellees*, v. American Oil Company; Colorado Oil and Gas Corporation; Phillips Petroleum Company; Skelly Oil Company; Mobil Oil Corporation; Wilshire Oil Company of Texas; Archibald C. Jones, *Appellants*.

(446 P. 2d 754)

Opinion filed November 9, 1968.

*Leroy Jeffers* and *Travis C. Broesche*, both of Houston, Texas, argued the cause, and *Thomas M. Van Cleave, Jr.*, of Kansas City, and *S. E. Floren* and *Lewis J. Ottaviani*, both of Bartlesville, Oklahoma, were with them on the brief for appellant Phillips Petroleum Company.

*Philip E. Buzick*, of Topeka, and *Walter T. Kuhlmey* and *H. Laurance Fuller*, both of Chicago, Illinois, were on the brief for the appellant American Oil Company.

*Robert H. Bingham*, of Kansas City, and *Edward F. Howrey*, and *A. Duncan Whitaker*, both of Washington, D. C., and *Charles F. Rice*, of New York, New York, were on the brief for appellant Mobil Oil Corporation.

*Joseph W. Kennedy*, of Wichita, and *Charles W. McDermott*, of Colorado

Springs, Colorado, were on the brief for appellant Colorado Oil and Gas Company.

L. M. Cornish, Jr., of Topeka, and John F. Smith and Charles L. Bacon, both of Kansas City, Missouri, were on the brief for Skelly Oil Company.

Harry W. Colmery, of Topeka, and Robert J. Woolsey, of Tulsa, Oklahoma, were on the brief for appellant Wilshire Oil Company of Texas.

E. Gene McKinney, of Topeka, argued the cause and was on the brief for the appellant Archibald C. Jones.

John A. Anderson, Jr., special assistant attorney general, argued the cause, and Robert C. Londerholm, attorney general, Dean Burkhead, assistant attorney general, and John Morse, chief counsel of Kansas State Highway Commission, were with him on the brief for the appellees.

The opinion of the court was delivered by

HARMAN, C.: Appellants seek reversal of a district court order refusing to suppress certain inquisition testimony allegedly taken unlawfully and in violation of appellants' federal and state constitutional rights.

On behalf of the state of Kansas and the state highway commission the attorney general in February, 1966, commenced this action against thirteen corporate suppliers of liquid asphalt, alleging the corporations had allocated territory and rigged prices on their asphalt sales to the highway commission in violation of the Kansas antitrust laws (K. S. A. 50-101, et seq.). The action sought recovery of damages and attorney fees (50-108), the full consideration paid (50-115), one hundred dollars per day for each day of the unlawful activity (50-145) and ouster and injunction from participation in such unlawful activity (50-146).

In the fall of 1965, and prior to filing the action, and as a part of an investigation of the conduct of the corporate suppliers of asphalt, the attorney general subpoenaed certain sales employees of the corporations to appear and testify at an inquisition pursuant to K. S. A. 50-153. The witnesses were granted immunity from prosecution as provided in K. S. A. 50-156 and were required to answer questions propounded to them. All proceedings were recorded and transcribed by a certified shorthand reporter and in some instances the witnesses signed transcripts of their testimony. Where a witness was accompanied by counsel, counsel was permitted to remain until immunity was granted to the witness at which time counsel was required to leave.

In October, 1967, the state attempted in this action to depose

certain witnesses who had testified at the inquisition. Counsel for the state, in response to inquiry, indicated use would be made of the inquisition testimony in the event the witnesses "in any way become reluctant or indicate a lack of memory." The witnesses on advice of their attorneys, who with one exception were also attorneys for the respective corporate employers, thereupon refused to testify and their counsel demanded suspension of the taking of the depositions pursuant to K. S. A. 60-230($d$) on the ground the examination was being conducted in bad faith and in such a manner to annoy, embarrass, and oppress the deponent.

Two individual witnesses and eleven corporate defendants then filed in the trial court motions to suppress the inquisition statements taken of the various witnesses and their use by the attorney general in any way in the trial of the case. The trial court directed that copies of the statements be furnished to counsel for movants but denied the motion to suppress. Certain of the corporate defendants and one individual witness, Archibald C. Jones, an employee of defendant Mobil Oil Corporation, filed notices of appeal to this court from that denial order.

Appellants contend the action of the attorney general in denying the witnesses and their employers representation by counsel during the inquisitions was violative of their rights under the fifth, sixth and fourteenth amendments of the federal constitution and sections ten and eighteen of the bill of rights of our state constitution. Appellants do not attack the constitutionality of our inquisition statutes but assert they were used in an unconstitutional manner when the witnesses compelled to testify were denied counsel.

The corporate appellants assert they—the corporations—had a constitutional right to be represented by counsel at the inquisition. Appellees broadly contend a corporation as such has no constitutional rights. There are cases holding the privilege against self-incrimination is a personal one which can be raised by individuals alone and does not extend to a corporation (see *United States v. Bowman*, 236 F. Supp. 548, and cases cited therein). However, we know of no reason why constitutional privileges which by their nature may be applicable to artificial creatures such as corporations should be denied. We consider the right to counsel to be of that character. At the very least, a corporation is a "person" entitled to the protection of the due process clauses of the fifth and fourteenth amendments (*Grosjean v. American Press Co.*, 297 U. S. 233, 80

L. ed. 660, 56 S. Ct. 444) and of section eighteen of the Kansas bill of rights.

The corporate appellants argue they had a right to be represented by counsel at the inquisitions because they were the ones against whom the inquisitions were directed. They maintain they were "parties aggrieved" by the inquisitions. They would equate their standing to raise the question with the right to complain accorded one against whom a search was directed as declared by search and seizure cases like *Jones v. United States,* 362 U. S. 257, 4 L. ed. 2d 697, 80 S. Ct. 725. We do not think that line of cases, decided as they were on the basis as to who may qualify as a "person aggrieved by an unlawful search and seizure," are analogous here; those cases dealt with a specific *res*—property of the corporation which was seized. We have no such situation in the case at bar.

The inquisition procedure here involved is an historically well-known legislative device enabling the state's chief law enforcement officer to gather information necessary for effective enforcement of our antitrust laws. The proceeding is not adversary but is *ex parte;* it is investigative and not adjudicatory. Of course, facts uncovered through it may lead to an adjudicatory hearing, civil or criminal, the same as information disclosed by any other method of investigation. That which the corporate appellants are really asserting is the right to be present during the attorney general's investigation. The right to an adjudicatory hearing includes the right to counsel. But we know of no constitutional right in anyone to be present at an investigation simply because his conduct is the subject of the inquiry and he may in the future be prosecuted as a result of information developed during the investigation. A witness appearing in an inquisition could well be a former employee of a corporation or he could be a person without any business connection with the corporation; in either event we know of no right in the corporation to be notified of the proceeding, to appear thereat or to be represented by counsel. It is true vitally relevant information concerning violations of our antitrust laws may sometimes be secured only through the testimony of employees or agents of those corporations suspected of irregularities. Our inquisition statutes furnish a procedure to obtain such information which might not otherwise be obtainable. Nevertheless, the employees appear as mere witnesses at a private proceeding. In the instant case the employees are

described as sales representatives. Does the fact the witnesses happen to be employees of a corporation give rise to any constitutional right in the corporation to be represented by counsel at the proceeding? We find no persuasive authority to that effect and we think no such right arises. The witnesses themselves may be compelled to attend and give evidence but the corporation is not under compulsion to do anything. The witnesses may be required to testify only after complete immunity from prosecution is granted. If the corporate employers have entitlement to greater rights at the hearing simply because the witnesses examined happen to be their employees, where does that entitlement end? Do they thereby step into the shoes of the witnesses and assume their rights? Such a merging of identities would be illogical. Carried to its extreme the employers would get the benefit of the immunity granted to the witnesses because of the employer-employee relationship. This absurd result, of course, would defeat the principal purpose of the inquisition statutes.

We hold then that at an inquisition held pursuant to K. S. A. 50-153 where an employee is questioned about possible antitrust law violations by his corporate employer the corporation has no constitutional right to be represented by counsel.

The corporate appellants also question the denial of right to counsel of their employees. The right to counsel is a privilege of a personal nature and, where it exists, its violation may be asserted only by the one entitled to claim the privilege (see *Hale v. Henkel,* 201 U. S. 43, 50 L. ed. 652, 26 S. Ct. 370). Hence the corporate appellants lack standing to raise the issue of denial of counsel to their employees and we so hold.

We turn to appellant Jones' contention he was denied his constitutional right to counsel when his inquisition testimony was taken. Jones relies primarily upon the dissenting opinion of four justices in *In re Groban,* 352 U. S. 330, 1 L. ed. 2d 376, 77 S. Ct. 510. There the state fire marshal of Ohio in the course of an investigation of a suspected arson subpoenaed Groban to testify before him. No immunity was granted and Groban was not permitted counsel at the hearing. He refused to testify and was convicted for contempt. The majority of the federal supreme court upheld the conviction on the theory the proceeding was administrative rather than prosecutorial and there was no constitutional right to representation by counsel in such situation. The dissent was premised upon the

view the state fire marshal was in fact a prosecutorial officer and the person examined could have been convicted by the words of his own mouth since no immunity was granted. The dissenters also condemned the fact the witness would have no effective way to challenge his interrogator's testimony as to what was said at the secret inquisition.

In the case at bar Jones, along with the other witnesses, was granted immunity from prosecution pursuant to K. S. A. 50-156 which provides:

"No person shall be excused from testifying in any proceeding under this act, or in any action under any of the laws referred to in section 1 [50-153] of this act, on the ground that his testimony may incriminate him; but no person shall be prosecuted or punished on account of any transaction or matter or thing concerning which he shall be compelled to testify, nor shall such testimony be used against him in any prosecution for any crime under the laws of this state."

The fact immunity was granted removes this case from the crux of the *Groban* dissent, not to mention the fact the proceedings were recorded and transcribed by a certified shorthand reporter, and the transcripts signed by the witnesses. We are aware of no authority condemning an inquisition procedure where immunity has been granted to the witness.

It is argued the right to counsel is broader than the mere privilege against self-incrimination. Certainly this would be true in an adjudicative proceeding, but we can see no harm from the absence of counsel in a purely investigatory proceeding. Moreover, our immunity provision protects against more than violation of the self-incrimination right—it gives the witness complete immunity from prosecution for any transaction concerning which he is compelled to testify.

Although we are not concerned with determining rights in other jurisdictions, it has been held that any testimony elicited in such a proceeding, or its fruits, as distinguished from independent evidence, may not be used in federal prosecutions against the witness— the witness and the federal government are left in the same position as if the witness claimed his privilege in the absence of a state grant of immunity (*Murphy v. Waterfront Comm'n.*, 378 U. S. 52, 12 L. ed. 2d 678, 84 S. Ct. 1594). It follows that the protection of the due process clause of the fourteenth amendment would be available to the witness in any jurisdiction within our federal system. Thus it appears the witness was fully protected.

We hold that a witness at an inquisition who has been granted immunity pursuant to K. S. A. 50-156 has no constitutional right to be assisted by counsel in giving testimony.

Finally, it is urged the attorney general exceeded his statutory authority in the denial of counsel to appellants during the inquisition. Without laboring the matter, much of that which has already been said is applicable. The statutes provide essential safeguards for the witnesses and we find no violation of the statutes.

The trial court's order was correct and it is affirmed.

APPROVED BY THE COURT.

FONTRON, J., concurs in the result.