No. 47,526

In the Matter of THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, *Appellee*, v. KANSAS COMMISSION ON CIVIL RIGHTS and ANTHONY D. LOPEZ, Executive Director, Kansas Commission on Civil Rights, and MICHAEL BAILEY, Compliance Specialist, Kansas Commission on Civil Rights, *Appellants*.

(535 P. 2d 917)

Opinion on rehearing filed May 10, 1975.
(For original opinion see *Atchison, T. & S. F. Rly. Co. v. Commission on Civil Rights*, 215 Kan. 911, 529 P. 2d 666.)

*Roger W. Lovett*, of Kansas Commission on Civil Rights, argued the cause, and *Curt T. Schneider*, attorney general, and *Charles S. Scott*, of Topeka, were with him on the brief for the appellants.

*Roth A. Gatewood*, of Topeka, argued the cause, and *Charles O. Thomas*, of Kansas City, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: On motion of the appellee, Santa Fe, a rehearing was granted and counsel were given the opportunity to submit additional briefs and to present additional oral arguments. The same basic issues were presented which were covered in the original hearing. Counsel for the appellee has, however, directed the court's attention to a recent case, *Emporium Capwell Co. v. Community Org.*, 420 U. S. 50, 43 L. Ed. 2d 12, 95 S. Ct. 977, as support for its position that labor disputes involving an interstate railroad fall within the exclusive jurisdiction of the Railway Labor Act (45 U. S. C. A. § 151, *et seq.*) and therefore lie outside the jurisdiction of the Kansas Commission on Civil Rights.

We have considered *Emporium Capwell Co.* and have concluded that it does not support appellee's position but in fact recognizes the rights of minority employees to seek the protection of remedies afforded by civil rights acts in addition to remedies provided by a labor relations act. *Emporium Capwell Co.* involved complaints by employees of racial discrimination directed against their employer. Their union invoked the contract grievance procedure recognized by the National Labor Relations Act and demanded a joint union-management "Adjustment Board" to consider the grievance. While arbitration was underway several employees, who felt the union-

management effort was inadequate, picketed the employer against the advice of the union. After a warning by the employer to desist or be fired, the picketing continued. The employees involved were fired and they immediately filed a complaint with the National Labor Relations Board which complaint covered the same grievances which were being asserted by the union. The Supreme Court held that the employees could not bypass the contractual bargaining procedure simply because they were dissatisfied with the union's efforts. The rationale of the decision was that the efforts of the union should not be undermined by permitting dissident employees to invoke a parallel contract grievance procedure. It is important to note that in the course of the opinion the Supreme Court stated that the employees could still pursue their remedies either by means of conciliation through the offices of the Equal Employment Opportunity Commission or by means of federal court enforcement at the instance of either that agency or the party claiming to be aggrieved. The case now before us is distinguishable on its facts from *Emporium Capwell Co.* Here there was no active arbitration being pursued by the union, nor have employees who might be involved here acted in violation of the rights of their employer by illegal picketing. We find nothing in *Emporium Capwell Co.* which precludes the Kansas Commission on Civil Rights from carrying out an investigation of claimed discrimination in this case.

The court has considered the briefs and the rearguments of counsel and has concluded the original opinion should be adhered to.

SCHROEDER and FONTRON, JJ., adhere to the original dissenting opinion.

FROMME, J., not participating on rehearing.