No. 48,527

John H. Bush, *Appellant and Cross-Appellee,* v. City of Wichita, Kansas, a municipal corporation, *Appellee,* and Commission on Civil Rights of the State of Kansas, *Appellee and Cross-Appellant.*

(576 P 2d 1071)

Opinion filed April 1, 1978.

*Russell Cranmer,* of Michaud & Cranmer, Chartered, of Wichita, argued the cause and was on the brief for the appellant and cross-appellee.

*Bernard V. Borst,* assistant city attorney, of Wichita, and *David L. Ryan,* of Topeka, argued the cause and were on the brief for the appellees and cross-appellant.

The opinion of the court was delivered by

FROMME, J.: The present appeal stems from complaints of discrimination filed by John H. Bush against his former employer, the City of Wichita. One complaint was filed with the Wichita Commission on Civil Rights (WCCR) and a second complaint was filed with the Kansas Commission on Civil Rights (KCCR). Both agencies found, on the basis of an investigation by the WCCR, there was no probable cause to credit the complainant's allegations of discrimination. Complainant Bush then appealed the agencies' determinations, and filed in the district court a pleading denominated a "Petition and Appeal".

Essentially, this pleading was an attempted appeal from the "no probable cause" findings of the WCCR and the KCCR. In addition, however, Bush attempted to incorporate a separate claim for damages against the City of Wichita for future loss of pension rights and wages. After the city, WCCR and KCCR filed motions to dismiss the appeal proceedings, the district court entered its order from which the present appeal is taken.

In its order the district court dismissed the city as a party defendant. It refused to make WCCR a party to the proceeding. It remanded the proceedings to the KCCR with directions to act on the original complaint of discrimination filed by Bush. The district court further ordered the KCCR to make an independent probable cause determination and, when the independent determination had been made, the KCCR was then required to notify Bush and give him notice of a right to appeal under K.S.A. 1975 Supp. 44-1001, *et seq.*

This action by the district court satisfied no one. The parties have appealed, cross-appealed, or appeared as dissatisfied appellees.

John H. Bush, as appellant and cross-appellee, presents and argues five separate points. The City of Wichita and KCCR present a joint brief as appellees. The KCCR presents and argues six points as cross-appellant.

In an effort to bring some degree of order and clarity to the ultimate decision we have reached in this case we will address only those points which appear to be dispositive of the case.

Appellant Bush contends the district court erred in dismissing the City of Wichita from the proceedings in that court. He argues that he was entitled to join a claim against the City of Wichita for the wrongful termination of his employment with his appeal from

the "no probable cause" determinations of the civil rights commissions. He cites no authority for such an appeal proceeding.

On filing the "Petition and Appeal" in the district court appellant mailed and filed notices of appeal from both the decision of the KCCR and the decision of the WCCR. Certificates were filed in the district court showing that copies of the notices of appeal were mailed to the city attorney, the executive director and individual members of the WCCR, the executive director and individual members of the KCCR, and the Wichita office supervisor of KCCR.

We find nothing in the record to indicate that summons was issued under K.S.A. 60-301, *et seq.*, as is generally required for the commencement of a separate action.

In *Stephens v. Unified School District*, 218 Kan. 220, 546 P.2d 197 (1975), this court states:

"On appeal from a decision of the commission on civil rights the district court is to try the matter *de novo*, with the issues of both law and fact to be determined anew. The issues in such a trial, however, are limited to those fairly embraced within the appealing party's application for rehearing before the commission." (Syl. ¶ 7.)

In an appeal under K.S.A. 44-1011 the issues to be tried are limited and the appellant cannot enlarge the issues embraced in such an appeal to include a separate claim for damages against the employer for loss of wages and pension rights. Therefore, any separate claim against the City of Wichita was improperly joined with the attempted appeal under K.S.A. 44-1011.

It should be noted that the City of Wichita established the WCCR by city ordinance under its home rule powers. See *Hutchinson Human Relations Comm. v. Midland Credit Management, Inc.*, 213 Kan. 308, 517 P.2d 158 (1973). In the ordinance the city incorporated all sections of the Kansas act against discrimination, K.S.A. 44-1001, *et seq.*, with certain exceptions not pertinent to this appeal. Therefore, when sections of the state statute are referred to in this opinion these sections apply to procedure before the WCCR as well as the KCCR.

The appellant further argues that, if his claim was not properly cognizable as a separate action, the district court erred in not asserting jurisdiction over the claim under K.S.A. 60-2101(*d*) as amended. In this argument he changes his position on K.S.A. 44-1011. He states that 44-1011 applies only when a complainant

has been afforded a hearing and an order affecting his rights has been entered. He points out that both commissions entered findings of "no probable cause" and therefore conducted no hearing and entered no order. In such case he contends any attempted appeal under K.S.A. 44-1011 is precluded and an appeal under K.S.A. 1977 Supp. 60-2101(d) was proper. We cannot agree.

In *Brinson v. School District*, 223 Kan. 465, 576 P.2d 602 (1978), it is pointed out:

"The right to an appeal in this state is neither a vested nor constitutional right, but is strictly statutory in nature. It may be limited by the legislature to any class or classes of cases, or in any manner, or it may be withdrawn completely. It lies within the legislative domain to determine from what orders or judgments an appeal may be taken. (*In re Waterman*, 212 Kan. 826, 830, 512 P.2d 466; *State v. Burnett*, 222 Kan. 162, 166, 563 P.2d 451.) Courts have no inherent appellate jurisdiction over the official acts of administrative officials or boards except where the legislature has made some statutory provision for judicial review. (*In re Chicago, R. I. & P. Rly. Co.*, 140 Kan. 465, 467, 37 P.2d 7; *City of Kansas City v. Jones & Laughlin Steel Corp.*, 187 Kan. 701, 703, 360 P.2d 29.) . . ." (p. 467)

Every appeal from a decision of the KCCR is governed and limited by the provisions of K.S.A. 44-1011 and if an appeal from a "no probable cause" finding is not authorized under that section then no appeal is possible. As is the case of all general statutes K.S.A. 60-2101(d) does not apply to appeals where a special statute, such as K.S.A. 44-1011, has been provided by the legislature. (*Brinson v. School District*, supra.)

The next point we will address concerns that part of the order of the district court remanding the case to the KCCR for an independent finding on probable cause to credit the allegations of the complaint.

When the separate complaints were filed with the WCCR and with the KCCR, WCCR proceeded to investigate the allegations of discrimination. The two complaints contained identical allegations of fact upon which discrimination was claimed. WCCR served notice of the complaint and of the impending investigation on the City of Wichita. An investigation was made by an investigating commissioner of WCCR and after reviewing the facts disclosed by the investigation the commissioner found no probable cause to credit the allegations of discrimination. Thereafter both the complainant and the city received written notice of this "no probable cause" determination. The complaint was dismissed.

The WCCR forwarded all information gathered in the investigation of the complaint to the KCCR. The investigating commissioner for KCCR found the investigation by the WCCR was sufficient and determined that no probable cause existed to credit the allegations in the complaint. The KCCR mailed notice to the city and to the complainant of its determination and advised that KCCR was closing its file.

The requirement by the district court that KCCR make a separate investigation and an independent determination raises questions affecting cooperation between the KCCR and local commissions. As previously stated the WCCR was created by ordinance of the City of Wichita which ordinance incorporated by reference the state statutes, K.S.A. 1974 Supp. 44-1001, *et seq.* In the city ordinance it provided all references to the State of Kansas in the Kansas Act Against Discrimination "shall be construed as referring to the city of Wichita", so the procedures outlined in the statutes apply to both the WCCR and the KCCR.

Among the powers and duties of the commission set forth in K.S.A. 1977 Supp. 44-1004(3), appears the following:

"To adopt, promulgate, amend and rescind suitable rules and regulations to carry out the provisions of this act, and the policies and practices of the commission in connection therewith."

Under authority of the statute KCCR has adopted K.A.R. 1975 Supp. 21-40-4, which is as follows:

"The commission may cooperate with and utilize the services of local human relations commissions in fulfilling its responsibilities under the Kansas act against discrimination. The commission may enter into written agreements with local human relations commissions for such purposes. (Authorized by K.S.A. 1974 Supp. 44-1004; effective, E-74-14, Dec. 28, 1973; effective May 1, 1975.)"

The civil rights ordinance of the City of Wichita provides:

"5.20.060 Same—Agreements with agencies. The commission shall be authorized to enter into contracts or agreements or memorandums of agreement with the Kansas Commission on Civil Rights and with the Federal Equal Employment Opportunity Commission in order to carry out any and all assignments made through these agencies to the Wichita commission on civil rights. (Ord. No. 33-012 § 2 (part).)"

Pursuant to the above authority the two commissions had previously entered into an agreement for cooperation in an attempt to prevent duplication of processing effort, loss of time, and additional expense. They stipulated:

". . . [I]t is agreed by the parties hereto that all information, materials and evidence resulting from the investigation and processing of any complaint by one party hereto shall be made available to the other, upon request, for use in processing similar complaints against the same respondent."

There is no provision in the agreement that either commission adopt any findings or determinations of the other and each makes its own determination as to what action may be indicated based on the facts uncovered by the investigation. This court has previously held that civil rights ordinances, such as that adopted by the City of Wichita, are a proper exercise of the police power of the city as tending to promote the health, safety, convenience, and general welfare of its citizens. (*Hutchinson Human Relations Comm. v. Midland Credit Management, Inc.,* supra.)

We see no reason why cooperation between the state and local commissions should not be encouraged. There appears no logical reason to require the KCCR to make its own independent investigation of the facts surrounding a complaint of discrimination in Wichita when the WCCR has fully developed the facts and made them available to the KCCR. This in no way limits the KCCR if it should determine further investigation and action are necessary. However, after reviewing the facts uncovered by the WCCR investigation and deciding proper standards of investigation had been met, the only thing necessary for the KCCR to do was to evaluate these facts and determine whether there was probable cause to proceed further on the alleged discriminatory practice. In the present case they agreed there was no probable cause and terminated the file. This action appears proper.

The district court erred in remanding the proceedings to the KCCR for independent investigation and determination of probable cause. Their previous determination was proper when based on the facts developed by the WCCR and made available to them. The order of the district court holding otherwise is reversed.

We turn now to what appears to be the primary question determinative of this appeal and one which this court has not previously addressed. Does a complainant who files a complaint of discrimination have a right to appeal from a "no probable cause" determination by the investigating commissioner?

At the outset it should be noted Kansas has no general administrative procedure act similar to the federal act (5 U.S.C.A. § 551, *et seq.* and § 701, *et seq.*). Reviewability and scope of review of the actions of administrative agencies in Kansas depend upon the

particular statutory provisions authorizing the particular judicial review. Courts have no inherent appellate jurisdiction over the official acts of administrative officials or boards. (*City of Kansas City v. Jones & Laughlin Steel Corp.,* 187 Kan. 701, 703, 360 P.2d 29 [1961]; *Brinson v. School District,* supra.) In the absence of a statutory provision for appellate review of an administrative decision no appeal is available but relief from illegal, arbitrary and unreasonable acts of public officials can be obtained by using such equitable remedies as quo warranto, mandamus, or injunction. (*State, ex rel., v. Unified School District,* 218 Kan. 47, 50, 542 P.2d 664 [1975]; *Brinson v. School District,* supra.)

Reviewability of a "no probable cause" finding in the present case must depend upon the intent of the legislature as expressed in the Kansas Act Against Discrimination and as limited by the separation of powers doctrine inherent in the constitution. See *Rydd v. State Board of Health,* 202 Kan. 721, Syl. ¶ 4, 451 P.2d 239 (1969).

The provisions of the act regarding possible review of a "no probable cause" determination are not explicit. K.S.A. 1977 Supp. 44-1005, which was in effect when this matter arose, outlines the procedure for filing a verified complaint in writing. The commission then serves a copy on each of the parties alleged to have violated the act and designates one of the commissioners to make an investigation of the alleged act of discrimination. The act then provides:

". . . If the commissioner shall determine after such investigation that no probable cause exists for crediting the allegations of the complaint, such commissioner shall, within ten (10) business days from such *determination,* cause to be issued and served upon the complainant and respondent written *notice* of such determination." (Emphasis supplied.)

Nothing is said in the act about further procedure in case a "no probable cause" determination is entered.

The act then sets forth what is to be done if the commissioner shall determine probable cause exists for crediting the allegations for the complaint. In such case the commission attempts to eliminate the unlawful discriminatory practice by conference and conciliation. In case of failure a hearing is arranged before at least four (4) commissioners. At the conclusion of this hearing an order is issued. K.S.A. 44-1010 provides for a rehearing in case any party is dissatisfied with the order.

Appeals are covered in K.S.A. 44-1011, and a judicial review is permitted by any person aggrieved *by an order*. In such case the evidence presented to the commission, together with its findings and the order issued thereon, is certified to the district court. The statute then provides:

"The court shall hear the appeal by trial *de novo* . . . and the court may, in its discretion, permit any party or the commission to submit additional evidence on any issue. . . . After hearing, the court may affirm the *adjudication*. If the *adjudication* by the commission is not affirmed, the court may set aside or modify it, in whole or in part, or may remand the proceedings to the commission for further disposition in accordance with the order of the court." (Emphasis supplied.)

Throughout this statute the judicial review provided refers to orders of the commission and to an adjudication by the commission. These review provisions do not mention a probable cause determination. In *Atchison, T. & S. F. Rly. Co. v. Commission on Civil Rights,* 215 Kan. 911, 529 P.2d 666 (1974), adhered to in 217 Kan. 15, 535 P.2d 917 (1975), this court held that the KCCR is not acting in a quasi-judicial capacity until its investigation ends and a hearing is set. While it is true, as the appellant asserts in his brief, that the KCCR may later exercise quasi-judicial functions, a determination of probable cause is an investigatory function which must be satisfied before the commission may begin its adjudicatory functions.

The *Atchison* opinion sets forth the basic difference between investigative and adjudicatory KCCR functions:

"It is important to distinguish between an 'investigation' and a 'hearing' or 'adjudication'. The term 'hearing' is appropriate to quasi-judicial proceedings while 'investigation' is appropriately used with regard to nonjudicial functions of an administrative agency and the seeking of information for future use rather than proceedings in which action is taken against someone. (*State Ex Rel. Railroad & Warehouse Commission v. Mees,* 235 Minn. 42, 49 N.W.2d 386, 27 A.L.R.2d 1197; *Bowles v. Baer* [7th Cir. Ill.], 142 F.2d 787.) An 'investigation' is nonadversary and contemplates a procedure much less formal and more flexible than applies even to an administrative hearing. In *Railway Clerks v. Employees Assn.,* 380 U.S. 650, 14 L.Ed.2d 133, 85 S.Ct. 1192, the Supreme Court of the United States stated that an administrative investigation is essentially informal, not adversary, and is not required to take any particular form. In *Hannah v. Larche,* 363 U.S. 420, 4 L.Ed.2d 1307, 80 S.Ct. 1502, the Supreme Court points out that where an administrative agency makes a determination of a quasi-judicial nature, the parties to the adjudication must be accorded the traditional safeguards of a trial; but when such an agency is conducting nonadjudicative, fact-finding investigations, rights such as apprisal, confrontation, and cross-examination generally do not obtain." (215 Kan. p. 918.)

In *State, ex rel., v. American Oil Co.,* 202 Kan. 185, 446 P.2d 754 (1968), the difference between an investigation and a quasi-judicial proceeding was further explored:

"The inquisition procedure here involved is an historically well-known legislative device enabling the state's chief law enforcement officer to gather information necessary for effective enforcement of our antitrust laws. The proceeding is not adversary but is *ex parte*; it is investigative and not adjudicatory. Of course, facts uncovered through it may lead to an adjudicatory hearing, civil or criminal, the same as information disclosed by any other method of investigation. That which the corporate appellants are really asserting is the right to be present during the attorney general's investigation. The right to an adjudicatory hearing includes the right to counsel. But we know of no constitutional right in anyone to be present at an investigation simply because his conduct is the subject of the inquiry and he may in the future be prosecuted as a result of information developed during the investigation. . . ." (202 Kan. p. 188.)

An affirmative probable cause determination is a prerequisite to further agency involvement and investigation. As noted in the *Atchison* and *American Oil* cases, supra, an investigation is traditionally a function of state law enforcement officers, not the courts, and is concerned with gathering information for future use. Determination to proceed is an executive function. Such is the case with the investigating commissioner's determination relative to probable cause. The investigating commissioner, like a prosecutor or state law enforcement officer, is concerned with gathering information to be used in the future in an adjudicatory, adversary proceeding against the named employer, if future procedures are warranted.

Under the analysis of the *Atchison* and *American Oil* cases, supra, the determination relative to cause made by the investigating commissioner of the KCCR is an exercise of the commission's investigative functions. Obviously from the nature of K.S.A. 1977 Supp. 44-1005, the legislature intended the commission to investigate and determine whether probable cause existed to credit a complainant's allegations before the KCCR exercised its adjudicatory powers. Before the commission may progress beyond the investigation stage upon a complaint from an individual, the investigating commissioner must determine that probable cause exists to credit complaint allegations.

The investigation and determination by an investigating commissioner on a complaint of discrimination filed under a state act

or local ordinance against unlawful discriminatory practices are investigatory functions of the commissioner, and K.S.A. 44-1011 provides no right of judicial review of a "no probable cause" determination by an investigating commissioner.

In the present case the attempted appeal to the district court was not authorized. Accordingly the district court did not err in refusing to make WCCR a party to the attempted appeal and in dismissing the appeal as to the city. The district court did err in refusing to dismiss the appeal as to all parties, including KCCR. The district court erred in remanding the proceedings for a probable cause determination, and in holding the plaintiff Bush had a right to appeal the probable cause determination when entered.

The judgment is reversed as modified.