ROBERT M. HAY, *Plaintiff*, v. THOMAS KEESHAN *et al.*, *Defendants.*

No. 17,347.

SYLLABUS BY THE COURT.

1. ELECTIONS—*Amendment of Nominating Petition—Residence and Post-office Address.* A petition nominating an independent candidate for county treasurer, signed by more than five per cent of the voters of the county, but defective in that less than five per cent of the signers stated thereon their place of residence and post-office address, may be amended by the filing of another petition signed by those who signed the original petition defectively, in which amended petition they make the proper statement of their residence and post-office address.

2. ——— *Validity of Nominating Petition—Judgment of Statutory Tribunal is Final.* Upon objections being filed to a petition nominating an independent candidate for county treasurer the clerk of the court, county clerk and county attorney met to consider such objections, and decided that the original petition, which was defective, could not be amended by the filing of another petition which cured the defects in the original. *Held,* that although such decision is erroneous, it is final.

3. ——— *Insufficient Petition — Vacancy — Power to Fill.* In case an independent candidate for a county office is nominated and the petition is held insufficient or inoperative by the officers with whom it is filed, a vacancy is thus occasioned, and it may be filled by the persons or organization making the original nomination at any time before the election.

Original proceeding in mandamus. Opinion filed November 5, 1910. Writ denied.

*Monroe & Roark,* for the plaintiff.

*W. W. Pease,* for the defendant.

The opinion of the court was delivered by

SMITH, J.: It is conceded in this case that a certificate, or petition, properly signed by 118 electors of the county is sufficient to nominate an independent candidate for county treasurer. A petition was filed with

Hay v. Keeshan.

the county clerk containing the names of 125 electors nominating the petitioner as an independent candidate for county treasurer of Geary county, but less than 118 of the signers thereto stated their residence and post-office address thereon.

Objections were filed to the petition, and the clerk of the court, county clerk and county attorney met to consider the objections thereto. They found, in substance, that the petition was properly signed by only 108 of the electors, and that the other signers had not stated their residence and post-office address. Thereupon 17 of the signers to the original petition, who had not stated their residence and post-office address thereon, filed an amended petition stating the residence and post-office address of each. The tribunal, however, decided that the petition was insufficient and that it could not be corrected by the amended certificate. This decision was erroneous. (Laws 1897, ch. 129, § 9, Gen. Stat. 1909, § 3256; *Simpson v. Osborn,* 52 Kan. 328, 332; *Rathburn v. Hamilton,* 53 Kan. 470.)

That the decision of the clerk of the court, county clerk and county attorney holding a nominating petition insufficient creates a vacancy is plainly indicated by the section of the statute and the decisions above cited. It is as plainly indicated that the vacancy may be filled by the persons or organization making the original nomination, and it was said in *Rathburn v. Hamilton,* supra, at page 475, that such vacancy may be so filled at any time before election.

Section 3257 of the General Statutes of 1909 (Laws 1897, ch. 129, § 10) expressly provides that the decision of the officers designated to consider objections to a certificate of nomination, or petition, shall be final. We can not, therefore, disregard or correct this decision; but, as before indicated, there is an express remedy provided by statute.

The writ of mandamus prayed for is therefore denied.