No. 23,199.

WILL S. THOMPSON, *Plaintiff*, v. THE STATE BOARD OF CANVASSERS, L. J. PETTIJOHN as Secretary of State, etc., and CARR W. TAYLOR, *Defendants*.

SYLLABUS BY THE COURT.

1. PRIMARY ELECTION—*Nomination for State Senator—Statutory Provisions for Contest—Contest Tribunal* The primary-election law, as interpreted in the case of *Griffin v. Gesner*, 78 Kan. 669, 97 Pac. 794, provides for contest of a nomination for state senator in a district composed of more than one county, before a tribunal composed of the secretary of state, the auditor of state, and the attorney-general.

2. SAME—*Contest for Nomination for State Senator—Mandamus Will Not Lie.* Existence of the specific statutory remedy excludes contest by means of an action of mandamus.

Original proceeding in mandamus. Opinion filed October 9, 1920. Writ denied.

*F. Dumont Smith*, and *C. M. Williams*, both of Hutchinson, for the plaintiff.

*John H. Connaughton*, of Kingman, *E. D. McKeever*, of Topeka, *F. L. Martin*, and *Carr W. Taylor*, both of Hutchinson, for the defendants.

The opinion of the court was delivered by

BURCH, J.: The plaintiff applies for a writ of mandamus to compel the secretary of state to place the plaintiff's name on the ballot to be used at the general election in November next, as the Republican nominee for state senator from the thirty-sixth senatorial district, in place of the name of the defendant, Carr W. Taylor, who holds the certificate of nomination. The state board of canvassers is joined as a defendant as a matter of form. Carr W. Taylor is joined as a defendant in order that he may be heard and that his claims may be adjudicated.

The senatorial district comprises three counties, including Reno. At the primary election held on August 3, 1920, the plaintiff and Taylor were opposing candidates for the nomination in dispute. The statutory course of procedure was followed in making and canvassing the election returns, and resulted in certification and publication by the secretary of state of Taylor's nomination. The charge is that election boards in Reno county counted illegal ballots cast against the plaintiff, and threw out legal ballots cast for him, in such numbers that Taylor appeared to have votes enough to nominate, when in fact a proper count would show the plaintiff to be the nominee. The proposal, therefore, is to contest the primary election by an action of mandamus against the secretary of state, whose duty it is to prepare the ballot for the general election. Whether or not this may ever be done need not be discussed. The action does not lie in the present instance, because the plaintiff had a plain and adequate remedy, specially provided by statute, which he did not invoke.

In the case of *Griffin v. Gesner,* 78 Kan. 669, 97 Pac. 794, the court considered the question whether or not nomination by primary election of a candidate for member of the house of representatives, in a district comprising a single county, might be contested. An examination of the statutes revealed legislative purpose to provide for such a contest. A specific statute (Gen. Stat. 1901, ch. 36, art. 6; Gen. Stat. 1915, ch. 33, art. 8), which was injected into the primary-election law, was found to be unworkable, except under fortuitous circumstances which did not exist then, and which do not exist now. Looking further into the statutory melange, the court found

a contest board provided for in section 2703 of the General Statutes of 1901. Pursuing the quest, the court discovered other provisions which made the remedy by contest complete.

Section 2703 of the General Statutes of 1901 is section 4204 of the General Statutes of 1915. It is still in force, and reads as follows:

"The certificate of nomination and nomination papers being so filed, and being in apparent conformity with this act, shall be deemed to be valid, unless objection thereto is duly made in writing within three days from the date said papers are filed with the proper officers. Such objections or other questions arising in relation thereto, in the case of nominations of state officers or officers to be elected by the voters of a division less than a state and greater than a county, shall be considered by the secretary of state, auditor of state, and attorney-general, and a decision of a majority of these officers shall be final. Such objections or questions arising in the case of nominations for officers to be elected by the voters of a county or township shall be considered by the county clerk, clerk of the district court, and county attorney; and the decision of a majority of said officers shall be final."

It is perfectly manifest that if, as the court decided, this section furnishes a tribunal to settle questions relating to nomination for representative from a district composed of a county, it furnishes a tribunal to hear contests between candidates for senator from a district greater than a county and smaller than a state. Other provisions of the law which have been referred to as completing the remedy by contest, are still in force, and apply to contests of senatorial nominations as well as to contests of nominations for representative.

The court adheres to the interpretation given the statutes in the Griffin case. The decision related to nomination of a candidate for representative, and so affected quite directly the subject of membership in the legislature. The legislature has not seen fit to change the law. The same interpretation requires the court to hold that the plaintiff had an effective statutory remedy by contest before a board composed of the secretary of state, the auditor of state, and the attorney-general. Existence of the specific statutory remedy excludes contest by means of an action of mandamus.

The application is denied.