No. 27,561.

The State of Kansas, ex rel. William A. Smith, Attorney-general, etc., *Plaintiff*, v. L. R. Penner, as Trustee of Lexington Township, Johnson County, *Defendant.*

(259 Pac. 785.)

SYLLABUS BY THE COURT.

Elections—*Nominations—Time for Objections and Contests.* Objection to the nomination of a candidate for office at the August primary election must be timely made as provided by the primary election law, otherwise such nomination is deemed to be valid; and when no such objection is made and the candidate's name is printed on the ballot, and he is elected pursuant thereto at the general election in November, his title to the office is unassailable so far as any questions touching the regularity of his nomination are concerned.

Original proceeding in quo warranto. Opinion filed October 8, 1927. Judgment for defendant.

*William A. Smith,* attorney-general, *S. D. Scott* and *C. L. Randall,* both of Olathe, for the plaintiff.

*C. W. Gorsuch,* of Olathe, for the defendant.

The opinion of the court was delivered by

Dawson, J.: In this original action in quo warranto the state challenges the right of defendant L. R. Penner to hold the office of trustee of Lexington township, in Johnson county, on the ground that he was not regularly nominated at the August primaries in 1926.

Defendant answers that whatever the circumstances of his nomination, no timely objection as permitted by statute was made thereto; that he received the highest number of votes for township trustee at the general election in November and was inducted into office on January 10, 1927; that he is now in possession of that office and exercising its functions, and that his title to the office is now unassailable.

The facts which provoked this controversy are these:

Elections, 20 C. J. pp. 132 n. 64, 66, 133 n. 81.

Penner was a member of the democratic party and filed his declaration of intention to become a candidate of that party for nomination to the office of township trustee. One J. S. Adams was also a candidate for the democratic nomination. No candidate sought the republican nomination. At the August primary election Adams defeated Penner for the democratic nomination; but a few republicans wrote the name of Penner on their party ballots in the blank space provided for written nominations where no printed names of candidates appear; and the canvassing board declared Penner to be the republican candidate for township trustee. There was some correspondence between the county attorney, the county clerk and the attorney-general touching the validity of Penner's nomination, and the latter advised that the votes for Penner should not be counted, and that the county clerk should not print Penner's name as the republican candidate on the general-election ballots. But that advice was not followed, and Penner's name was printed on the township ballots as the republican nominee and he was elected over Adams, the democratic candidate.

This action proceeds on the theory that disregard of the regulations touching political party nominations vitiates Penner's right to the office notwithstanding he was the choice of the electors for that office at the general election in November, 1926. No such consequence for breach of the regulations concerning nominations by political parties at the August primary is imposed by the statute, and it is out of reason that the judiciary should be called on to declare so drastic a consequence without any statute. If anybody had any fault to find with Penner's nomination as the republican candidate for township trustee, there was a statutory tribunal provided by the primary election law whose powers might have been invoked to settle that point. The pertinent provision of the statute reads:

"The certificate of nomination and nomination papers being so filed, and being in apparent conformity with this act, shall be deemed to be valid, unless objection thereto is duly made in writing within three days from the date said papers are filed with the proper officers. . . . Such objections or questions arising in the case of nominations for officers to be elected by the voters of a county or township shall be considered by the county clerk, clerk of the district court, and county attorney; and the decision of a majority of said officers shall be final." (R. S. 25-308.)

The jurisdiction of that statutory tribunal to determine the validity of nominations is not only final but it is exclusive (except for fraud, oppression or similar vice), and since its jurisdiction was not

timely invoked to determine the regularity of Penner's nomination, it was "deemed to be valid" as found by the canvassing board— whether correctly or not is no longer of any consequence; Penner's title to his office is not now assailable, and judgment must be entered in his behalf.

It is so ordered.