No. 31,007.

JOHN F. HANSON, *Plaintiff*, v. E. A. CORNELL, as Secretary of State of the State of Kansas, *Defendant*.

(12 P. 2d 802.)

Opinion filed July 12, 1932.

*John F. Hanson,* of Lindsborg, *pro se.*

*W. C. Ralston,* assistant attorney-general, for the defendant.

The opinion of the court was delivered by

HARVEY, J.: This is an original proceeding in mandamus. It was heard by the court on oral argument on the application for the writ. Briefly, the motion for the writ alleges that plaintiff is a citizen and elector of the ninth judicial district in this state; that in due time he filed with defendant nominating petitions for himself as a democratic candidate for judge of the district court of that district, which petitions were regular and sufficient under the law; that the state board of canvassers, whose duty it was to examine the petitions, did so and certified to defendant plaintiff's name as being entitled to be printed on the ballot for the regular primary election to be held August 2, 1932; that the chairmen of the democratic central committees of two of the counties composing the judicial district filed objections before the state contest board, a copy of which is set out; that none of the objections pertained to any irregularity or insufficiency of the nominating petitions or the certificate of the canvassing board; that in due time plaintiff appeared specially before the contest board and opposed the consideration by it of the objections so made on the ground that the contest board was without jurisdiction to hear the objections so made; that the contest board overruled his contentions and heard the objections so filed to his nomination, and unlawfully and

erroneously ruled that plaintiff was not entitled to have his name printed on the official ballot for the primary election. It is alleged this furnishes no excuse for defendant not recording plaintiff's name on the list of such candidates and certifying the same to the county clerks; and that defendant, in disregard of his official duty, has refused to do so. Attached to the application for the writ is a copy of the objections filed by the chairmen of the democratic county central committees, among others being that plaintiff, having been admitted to practice law in this state in 1897, on November 11, 1916, was suspended from the practice of law in all the courts of the state by an order of the supreme court; that he has not been reinstated, and that under our statute (R. S. 20-105) he does not possess the qualifications of judge of the district court and is ineligible for that position. There is also attached to the application for the writ a copy of the order of the contest board which recites that, after giving consideration to the written objections of the chairmen of the democratic central committees, it finds that on November 11, 1916, by an order of the supreme court of this state, plaintiff was suspended from practice as an attorney at law in any of the courts of this state until the further order of the court; that on December 12, 1931, the supreme court of this state overruled the motion of plaintiff to vacate, as being void, the order of suspension of November 11, 1916; that the judgment of the supreme court of this state, rendered on November 11, 1916, suspending plaintiff from the practice as an attorney at law in any of the courts of this state, is in full force and effect; that plaintiff will not have been engaged in the active and continuous practice of law for the period of four years prior to the next general election to be held on November 8, 1932, as required by the statute (R. S. 20-105), and that therefore plaintiff is not qualified to hold the office of district judge in this state. The written objections of the chairmen of the democratic central committees to the name of plaintiff appearing on the democratic ticket at the primary election to be held on August 2, 1932, were sustained.

On the oral presentation of this proceeding several questions were argued. We find it necessary to determine but two of them. First, Did the election board have jurisdiction to entertain the objections made, or is its function simply to pass upon the regularity of nomination petitions filed? The statute (R. S. 25-308), so far as it is necessary here to quote it, reads as follows:

"The certificate of nomination and nomination papers so filed, and being in apparent conformity with this act, shall be deemed to be valid, unless objection thereto is duly made in writing within three days from the date said papers are filed with the proper officers. Such objections or other questions arising in relation thereto, in the case of nominations of state officers or officers to be elected by the voters of a division less than a state and greater than a county, shall be considered by the secretary of state, auditor of state, and attorney-general, and a decision of a majority of these officers shall be final."

It will be observed that the authority given to the board mentioned in this statute is broad. It is clear that objections to the nomination papers filed may be made, and the statute specifically provides:

"Such objections, *or other questions* arising in relation thereto, . . . shall be considered . . . and a decision of a majority of these officers shall be final."

From this it would appear that any question pertinent to the matter may be raised, considered and determined. This view accords with the former decisions of this court. (*Miller v. Clark*, 62 Kan. 278, 62 Pac. 664; *Allen v. Burrow*, 69 Kan. 812, 77 Pac. 555; *Thompson v. Pettijohn*, 107 Kan. 548, 192 Pac. 749.) · Certainly the statute is broad enough to authorize the board to consider the objections raised in this case.

Another question argued is whether plaintiff is qualified under our statute (R. S. 20-105) to hold the office of judge of the district court. The statute, so far as here pertinent, reads:

"That no person shall be qualified to hold the office of judge of the district court . . . unless such person is at least thirty years of age and shall have been regularly admitted to practice law in the state and engaged in the active and continuous practice of law, . . . for a period of at least four years prior to the date of the general election at which such person is to be voted for."

The facts in this case, as they relate to this statute, may be stated as follows: Plaintiff was duly admitted to practice law in this state in 1897, and continued to practice law in this state until November 11, 1916, at which time, for good cause shown, the supreme court of the state made an order suspending his right and privilege to practice law in all of the courts of this state pending the further order of the court. (*In re Hanson*, 99 Kan. 23, 28, 160 Pac. 1141.) That order of suspension has never been set aside and is in full force and effect. (*In re Hanson*, 134 Kan. 165, 5 P. 2d 1088.) Plaintiff argues

that the word "prior" in the phrase "for a period of at least four years prior to the date of the general election" in the statute above quoted means any time prior to such date, not immediately prior. He argues that, having been regularly admitted to practice law in the state, and having practiced continuously for as much as four years at some time prior to the date of the next election, he is qualified within the meaning of this statute. This contention cannot be sustained. This view would permit all persons who have heretofore been disbarred or suspended as attorneys at law, and who have not been reinstated, to be eligible to be elected to the office of district judge and qualified to hold such office. Clearly that was never within the contemplation of the legislature. Comparatively few persons are suspended or disbarred from the practice of law after having once been admitted. Obviously the legislature intended that for one to be qualified to hold the office of judge of the district court, or of the supreme court of this state, his admission to practice law created a status which continued and under which he was engaged in the active and continuous practice of law up to the time of his election to such office.

The result is that the application for the writ of mandamus must be denied.

It is so ordered.