No. 37,521

Hazel Miller, *Plaintiff*, v. George K. Jackson, *Defendant*.

(199 P. 2d 513)

Opinion filed November 13, 1948.

*Everett E. Steerman* and *James W. Putnam,* both of Emporia, argued the cause, and *Richard Mankin,* of Emporia, was with them on the briefs for the plaintiff.

*Samuel Mellinger,* county attorney of Lyon county, and *Alex Hotchkiss,* of Lyndon, argued the cause, and were on the briefs for the defendant.

The opinion of the court was delivered by

Harvey, C. J.: This is an original proceeding in mandamus in which plaintiff seeks an order directing the defendant, as county clerk, to place her name on the ballot as the Republican nominee for superintendent of public instruction to be voted upon at the general election in November. Plaintiff and another were rival candidates for the nomination for that office at the primary election held in August and plaintiff received the larger number of votes. The canvassing board issued to her a certificate of nomination.

Thereafter the chairman of the Republican county central committee filed objection to the nomination of plaintiff with the contest board created by statute (G. S. 1935, 25-308), consisting of the county clerk, clerk of the district court and county attorney, upon the ground that plaintiff was not eligible to be a candidate for the office under G. S. 1947 Supp. 72-202a. The board gave due notice and conducted a hearing and found that plaintiff was not eligible, and directed the defendant, as county clerk, not to place her name on the ballot to be prepared for and used at the general election to be held on November 2, 1948, as the Republican nominee for superintendent of public instruction. This proceeding followed.

Our statute (G. S. 1935, 25-308) created the contest board, defined its duties and provided that its decision shall be final. The statute was sustained as a valid enactment of the legislature in *Miller v. Clark,* 62 Kan. 278, 62 Pac. 664, and again in *Allen v. Burrow,* 69 Kan. 812, 77 Pac. 555. In the latter case, in a mandamus action brought after the ruling of the contest board, it was charged that the action of the contest board was corrupt, amounting to fraud, and upon that question the court conducted a hearing, upon which an opinion was written (69 Kan. 877, 77 Pac. 1133), in which it found there was no evidence of fraud. The statute was again considered and sustained in *Griffin v. Gesner,* 78 Kan. 669, 97 Pac. 794; *Hay v. Keeshan,* 83 Kan. 438, 111 Pac. 436; and in *Thompson v. Pettijohn,* 107 Kan. 548, 192 Pac. 749. In *Hanson v. Cornell,* 136 Kan. 172, 12 P. 2d 802, after the state contest board had denied the name of plaintiff to go on the ballot, on the ground that he was not eligible under the statute to hold the office, he brought an original proceeding in mandamus, contending the state contest board had no authority to go beyond the certificate of nomination and inquire into his eligibility for the office, and also contended that he was in fact eligible. This court denied both contentions.

In this case no question is raised about the action of the contest board, except it is contended that the only ground upon which the board acted was that plaintiff was not eligible to be a candidate for the office under G. S. 1947 Supp. 72-202a, and that the statute is void. Since a void statute is tantamount to no statute we think the plaintiff is entitled to be heard upon the question of the validity of the statute. Indeed, that is the only question presented to us by the plaintiff.

We must recognize the well-settled rule that the court will not declare an act of the legislature unconstitutional unless it clearly violates some constitutional provision. We cite only a few of the many cases to that effect: *Leavenworth County v. Miller,* 7 Kan. 479; *Lemons v. Noller,* 144 Kan. 813, 63 P. 2d 177; *Thompson v. Reno County Commr's,* 152 Kan. 610, 106 P. 2d 700.

Since 1889 the legislature has provided standards of eligibility for the county superintendent of public instruction. (See G. S. 1935, 72-202, and historical notes.) The constitutional authority of the legislature to do so was sustained in *Jansky v. Baldwin,* 120 Kan. 332, 243 Pac. 302. Our last legislature (Laws 1947, ch. 356) repealed G. S. 1935, 72-202, and enacted the following:

"In order to be eligible to hold the office of county superintendent of public instruction in a county having a population of more than 15,000, a person, at the time of his filing for said office, or at the time of his appointment to fill a vacancy in said office, must: (1) Have a four-year college degree and teacher's certificate valid in Kansas. (2) Have had at least five years' teaching or supervisory experience in the public schools of Kansas of which at least two years was in the elementary schools in any of the grades one to eight, inclusive. (3) Have been engaged in such teaching or supervision for at least one year of the three school years immediately preceding the date of filing for such office or his appointment to fill such vacancy. (4) All persons serving as county superintendent on July 8, 1947, shall be qualified to complete the terms for which they were elected and shall be qualified to seek reëlection, as long as they shall continuously hold said office." (G. S. 1947 Supp. 72-202a.)

It is conceded that Lyon county, in which plaintiff seeks the office, has a population of more than 15,000 and that plaintiff is not eligible under requirement (1) of the above section. Plaintiff contends the statute above quoted violates section 17 of article 2 of the constitution, which reads:

"All laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable, no special law shall be enacted; and whether or not a law enacted is repugnant to this provision of the constitution shall be construed and determined by the courts of the state."

In *Richardson v. Board of Education,* 72 Kan. 629, 84 Pac. 538, it was held:

"A law providing for the organization, maintenance and control of common schools may be a general or a special law, but is not a law of a general nature, because its subject-matter is not one of a general nature."

Our statute pertaining to schools discloses many sections dealing with particular situations relating to the organization, management

and supervision of schools. This has been done so much that the statutes are referred to as lacking system. The enactment of these various statutes is brought about by what the legislature deems to be the need of the people in various parts of the state and under varied circumstances for the desirable education of their children. We are cited to none which has been held void on the ground that it was a law of a general nature and could not be made applicable to the situation provided for in the statute.

Plaintiff argues that the legislature, by making the statute applicable only in counties which have a population of 15,000 or more made an unreasonable classification. We think the determination of this question is for the legislature. It is a common practice for the legislature in enacting statutes to make classifications depending upon the population of the county or the city. Counsel advise us that the statute applies to thirty-five counties in the state and argue that if the requirements of this statute should apply to such counties it should also apply to the others. This is primarily a matter for legislative inquiry. We are furnished a number of figures, which we do not deem it necessary to set out, pertaining to the number of schools, the number of teachers, the congestion of population, the types of schools, etc., which disclose clearly that the counties with the larger population seek to obtain, as nearly as possible, the standards of schools, the equipment therein, and the high qualifications of teachers, equal to those of the schools of cities of the first and second class. The legislature may have concluded that in many of the smaller counties of the state one having the qualifications required in this statute would not be available. With the information furnished us by counsel—and perhaps more was furnished to the educational committees of the legislature and considered in passing this act—it is clear that any classification of counties based upon population, or any other standard, is bound to have some slight inequalities. But that does not make it bad if the classification is reasonably adequate to accomplish the legislative purpose. This statute seems to meet this requirement. Indeed, to determine otherwise, we would have to place ourselves in the position of the legislature and go into all of the matters that might be affected by this classification. This we would not be justified in doing.

It is well settled, of course, that mandamus is a discretionary writ. As against executive or administrative officers it should be allowed only to require them to do a plain duty imposed by statute. (See

G. S. 1935, 60-1701.)  It is not allowed to require them to avoid a statute.  (*In re Insurance Tax Cases,* 160 Kan. 300, syl. ¶ 3, 161 P. 2d 726.)

The result is the writ prayed for should be denied.  It is so ordered.