No. 46,937

Arthur W. Douville, *Plaintiff* v. Governor Robert Docking, Elwill M. Shanahan, Secretary of State, Clay Hedrick, State Auditor, Vern Miller, Attorney General, and Elwill M. Shanahan, Secretary of State, Clay Hedrick, State Auditor, Vern Miller, Attorney General, Sitting as Contest Board Pursuant to K. S. A. 25-308, and Tony F. Brauchi, *Defendants.*

(501 P. 2d 778)

Opinion filed October 4, 1972.

*Arthur W. Douville,* of Overland Park, argued the cause *pro se,* and *Jim Wright* of Topeka, was with him on the brief for plaintiff.

*John Martin,* assistant attorney general, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the state.

*Robert F. Bennett,* of Bennett, Lytle & Wetzler, of Prairie Village, argued the cause, and *John L. Vratil,* of the same firm, was with him on the brief for the defendant John T. Brauchi.

*Per Curiam:* This is an original action in mandamus in which the plaintiff seeks to establish that despite losing the primary election of August 1, 1972, by two votes, he is nevertheless the lawful Republican nominee for representative to the Kansas legislature from the twentieth district. The state officials named as defendants are members of the state board of canvassers (K. S. A. 1971 Supp. 25-3201). The secretary of state, auditor of state and attorney general are also charged with the duty of considering objections to certificates of nomination filed under K. S. A. 1971 Supp. 25-308. The individual defendant, John T. Brauchi, is the successful candidate for the nomination sought by the plaintiff.

Plaintiff's claim is based on the fact that Brauchi's name appeared on the primary ballot as "John T. (Tony) Brauchi, M.D." His contention is that the initials "M.D." should not have been appended to Brauchi's name on the ballot and that their presence gave Brauchi an unfair advantage. The result, he claims, is to invalidate all votes cast for Brauchi, leaving as the only valid votes those which were cast for plaintiff. He asks this court to so declare, and to order by way of mandamus that the state board of canvassers reconvene, recount the votes with regard to those cast for Brauchi, and declare and certify plaintiff to be the nominee. He

would also have us enjoin the secretary of state from placing Brauchi's name on the ballot in the November general election, order her to cancel Brauchi's certificate of nomination and order her to issue such a certificate to plaintiff.

If this were an action timely brought to enjoin the appearance of "M.D." on the ballot there would be much merit in plaintiff's cause. Our election laws speak repeatedly of placing the "names" of candidates on the ballot; *e.q.,* K. S. A. 1971 Supp. 25-205, 25-206, 25-209, 25-211, 25-212, 25-213. There is no provision for adding titles, degrees, or other symbols of accomplishment, occupation or qualification, either by way of prefix or suffix. Those courts which have considered the question have uniformly held that "M.D." is no part of a person's "name", and that under statutes like ours a candidate is not entitled to have any such descriptive matter appear on the ballot with his name. The only exception recognized is where there is such similarity between the names of candidates that some sort of description is necessary to identify them for the electors. See, *State, ex rel. Whetsel v. Murphy,* 122 Ohio St. 620, 174 N.E. 252; *State v. Crowe,* (Mo. App.) 382 S.W. 2d 38; *People ex rel. Richter v. Telford,* 103 Ill. App. 2d 132, 242 N.E. 2d 464; and cases cited in the foregoing. We would agree, and would assume that Kansas election officers will take steps to insure that such descriptions do not hereafter appear unnecessarily on ballots in this state.

Plaintiff, however, filed this action on September 7, 1972, after the primary was over, and defendants urge that he was guilty of laches. "This court has long recognized the doctrine of laches as a defense to mandamus." (*State, ex rel., v. Paulsen,* 204 Kan. 857, 863, 465 P. 2d 982.)

Brauchi filed his declaration of candidacy on June 14, 1972, indicating the manner in which his name was to appear on the ballot. On June 26, 1972, the state board of canvassers met pursuant to K. S. A. 1971 Supp. 25-209 to examine the declarations and "determine whether or not such papers have complied with law." There was no objection to the form of Brauchi's declaration, and it was in due course certified to the Johnson County election commissioner. That official included Brauchi's name, with the objectionable appendage, in the official list of candidates published three times pursuant to the same statute, the first publication being on June 28, 1972. A copy of the list, as officially published, was sent to plaintiff on June 30, 1972, as required by K. S. A. 1971 Supp.

25-211. In a covering letter he was instructed to check both his own name and that of his opponent for "any misspellings, errors, omissions." He made no response to this communication.

Plaintiff thus passed up two opportunities to raise his present complaint at times when an administrative remedy could easily have been afforded without disrupting the electoral process. Instead, the first time plaintiff made known any objection to the form of the primary ballot was on August 23, 1972, when he filed objections under K. S. A. 1972 Supp. 25-308, to the results which had been determined by the state board of canvassers. In the court's view this was too late. As the Ohio court said in *State, ex rel., Whetsel v. Murphy,* supra, 122 Ohio St. at 621, 174 N.E. at 253:

"[T]he primary election has already been held, and no objection was made to the descriptive matter, although it appears that by the exercise of due diligence an effective objection could have been made in time to have prevented the descriptive matter being placed upon the ballot. The primary election having been closed and the result declared the court will not order the choice of the people at the primary election to be disregarded."

Accordingly, judgment must be for the defendants.

It is so ordered.