(586 P 2d 55)
No. 50,515

RALPH J. HIETT, *Appellant,* v. JACK BRIER, Secretary of State; CURT SCHNEIDER, Attorney General of the State of Kansas; SHELBY SMITH, Lieutenant Governor of the State of Kansas; and MARY HOPE, Election Commissioner of Shawnee County, Kansas, *Appellees.*

Petition for review denied December 4, 1978.

Opinion filed November 2, 1978.

*Fred W. Phelps, Jr.,* of Fred W. Phelps, Chartered, of Topeka, for the appellant.

*Philip A. Harley,* assistant attorney general, and *Curt T. Schneider,* attorney general, for the appellees Jack Brier, Secretary of State, Curt Schneider, Attorney General of the State of Kansas, and Shelby Smith, Lieutenant Governor of the State of Kansas.

*Frank Johnson,* county counselor, for the appellee Mary Hope, Election Commissioner of Shawnee County.

*Per Curiam:* Plaintiff appeals from the order of dismissal entered in this action by the District Court of Shawnee County. The sole issue on appeal is whether the district court's dismissal was proper. Plaintiff's allegations of wrongful conduct by various electors or by the contest board are not before us for determination.

The action arises out of a primary election contest initiated by plaintiff, a candidate for nomination as the Democratic candidate for election to the Kansas House of Representatives from the 53rd District. In the primary election held on August 1, 1978, plaintiff lost to his opponent by fifteen (15) votes. Plaintiff filed timely written objection to the election with the contest board pursuant to K.S.A. 25-308, as amended. See L. 1978, ch. 138, § 20, pp. 615-616.

The contest board, comprised of the lieutenant governor, secretary of state and attorney general, met, heard testimony, received affidavits and considered the matter on August 29, September 7 and September 8. At its last meeting and with plaintiff in attendance by his counsel, the board overruled plaintiff's objection and assessed costs to plaintiff by unanimous vote. This final decision of the board was reduced to writing and filed with the

secretary of state on September 28. It constituted final determination of all issues before the board.

The assessment of costs to plaintiff was made by the board pursuant to L. 1978, ch. 138, § 20(e). Plaintiff was notified by letter dated September 28 that the costs were in the amount of $185. His response was a letter dated October 3, which, among other things, demanded a breakdown of the costs. The secretary of state provided an itemization of the costs by letter dated October 10.

On October 16, 1978, twenty-two (22) days before the general election to be held November 7, plaintiff commenced this action by filing a petition in the district court. As explicitly stated in the verified petition, "the Plaintiff seeks relief in mandamus and injunction." A hearing was held on October 17 during which defendants orally moved to dismiss the petition for lack of jurisdiction and failure to state a cause of action upon which relief can be granted. The motion was reduced to writing on October 18 and set for hearing the next day. Also on October 18, plaintiff filed a "First Amendment to Petition" by which he alleged that the petition, "with this amendment, also is intended to serve as a notice of appeal pursuant to K.S.A. 60-2101(d)."

The parties filed memoranda, and oral arguments were heard on October 19. The court orally announced its decision the next day, October 20. In summary, the district court concluded it was without jurisdiction to hear the matter since plaintiff had not timely filed his action pursuant to L. 1978, ch. 138, § 20(f):

"All mandamus proceedings to compel an officer to certify and place upon the ballot any name or names, and all injunction proceedings to restrain an officer from certifying and placing upon the ballot any name or names, must be commenced not less than thirty (30) days before the election."

The court also concluded that an appeal pursuant to K.S.A. 60-2101(d) was not available to plaintiff. The issue of the constitutionality of L. 1978, ch. 138, § 20, raised in plaintiff's memorandum in opposition to the motion to dismiss was not expressly ruled on by the district court. On the same day, a judgment form was entered and plaintiff filed notice of appeal to this court.

On October 25, we heard oral arguments on plaintiff's motion to advance. The parties agreed to file briefs forthwith and oral argument was heard on November 1.

After having considered the briefs and arguments, we conclude

that the district court decision should be affirmed. We have expedited our consideration of this case and the preparation of this opinion because of the imminence of the general election to be held November 7.

Plaintiff alleges the district court had jurisdiction for either of two reasons: (1) appellate jurisdiction pursuant to K.S.A. 60-2101(*d*); or (2) jurisdiction by way of a properly filed mandamus and injunction action. We will deal with each contention separately.

The contest board created by L. 1978, ch. 138, § 20, and its predecessor statutes, is administrative in nature and performs a quasi-judicial function. *Miller v. Clark,* 62 Kan. 278, 288, 62 Pac. 664 (1900); *Allen v. Burrow,* 69 Kan. 812, 814, 77 Pac. 555 (1904). Appellate jurisdiction of actions of administrative bodies is not inherent but must have some statutory basis. *Miller v. Clark,* 62 Kan. at 288; *State, ex rel., v. Unified School District,* 218 Kan. 47, 50, 542 P.2d 664 (1975); *Brinson v. School District,* 223 Kan. 465, 467, 576 P.2d 602 (1978).

L. 1978, ch. 138, § 20(*c*), provides that the decision of the contest board "shall be final." Early Kansas cases have interpreted predecessor statutes having the same language to mean that the decision of the contest board is not subject to appellate review. *Miller v. Clark,* 62 Kan. at 281, 282; *Allen v. Burrow,* 69 Kan. at 818; *Hay v. Keeshan,* 83 Kan. 438, 439, 111 Pac. 436 (1910); *State, ex rel., v. Penner,* 124 Kan. 285, 286-287, 259 Pac. 785 (1927); see also *Thompson v. Pettijohn,* 107 Kan. 548, 550, 192 Pac. 749 (1920). Since the above cases were decided, the statute has been amended. The language "shall be final" has remained unchanged. It is presumed that the legislature acted with full knowledge and information of the prior judicial interpretations of the predecessor statutes. *Rogers v. Shanahan,* 221 Kan. 221, 225, 565 P.2d 1384 (1976).

Although appellate review is not permitted, extraordinary remedies may be utilized to review decisions of the contest board which were induced by bad faith or the result of arbitrary acts showing wrongful conduct amounting to fraud, corruption or oppression (*Miller v. Clark,* 62 Kan. at 284; *Allen v. Burrow,* 69 Kan. at 820-821) or to compel the board to act where it refused to do so (*Griffin v. Gesner,* 78 Kan. 669, 97 Pac. 794 [1908]).

More recent cases are in accord, although they do not specifi-

cally deal with L. 1978, ch. 138, § 20. It is now well established that if no appeal from an administrative decision is provided for, district court jurisdiction is limited to original actions to determine if the administrative body acted illegally, fraudulently or oppressively. *Thompson v. Amis*, 208 Kan. 658, 661, 493 P.2d 1259 (1972); *State, ex rel., v. Unified School District*, 218 Kan. at 50; *Brinson v. School District*, 223 Kan. at 467. In *Bush v. City of Wichita*, 223 Kan. 651, Syl. ¶ 2, 576 P.2d 1071 (1978), it was held:

"In the absence of a statutory provision for appellate review of an administrative decision no appeal is available but relief from illegal, arbitrary and unreasonable acts of public officials and boards can be obtained by using such equitable remedies as quo warranto, mandamus, or injunction."

Plaintiff argues he should be allowed to appeal the contest board decision under K.S.A. 60-2101(*d*). The scope of review permissible under K.S.A. 60-2101(*d*) is somewhat broader than that allowed when an original action is brought. *Brinson v. School District*, 223 Kan. at 469. On its face, K.S.A. 60-2101(*d*) may seem controlling. It is not. K.S.A. 60-2101(*d*) is a general statute and does not apply where the legislature has provided a special procedure as in L. 1978, ch. 138, § 20. Specific statutes control over general statutes in the area of appellate procedure. *In re Waterman*, 212 Kan. 826, 833, 512 P.2d 466 (1973); *Brinson v. School District*, 223 Kan. at 467-468.

We conclude that the language of *Miller v. Clark*, 62 Kan. at 288, is consistent with recent decisions and is controlling precedent:

"It may be conceded that this tribunal [contest board] is endowed with *quasi*-judicial power. It is important that it act expeditiously, and to permit appeals or proceedings in error to be taken from its decisions would often defeat the purpose of its creation. The right of appeal is not an inherent one."

Even if appeal pursuant to K.S.A. 60-2101(*d*) were available to plaintiff, he has not complied with its procedure for prosecution of an appeal. No notice of appeal was filed with the contest board as required by that statute.

Plaintiff's only remedy was to seek review of the contest board decision by extraordinary remedy. This he did. The district court determined it had no jurisdiction because the action was not timely filed pursuant to L. 1978, ch. 138, § 20(*f*). Plaintiff commenced this action for relief in mandamus and injunction on

October 16, 1978, twenty-two (22) days before the general election on November 7. L. 1978, ch. 138, § 20(*f*), requires all such actions be commenced "not less than thirty (30) days before the election."

In construing L. 1978, ch. 138, § 20(*f*), it is proper to inquire into the legislative intent by examining the historical background of the statute, the objectives sought to be obtained, and the effect the statute may have under various suggested constructions. *State, ex rel., v. Kalb,* 218 Kan. 459, 464, 543 P.2d 872 (1975), *modified* 219 Kan. 231, 546 P.2d 1406 (1976). It is obvious that the time limit in which to commence mandamus and injunction proceedings has as its primary purpose the speedy resolution of election contests. To permit untimely actions to delay and impede the orderly election process would be to defeat that purpose. *Miller v. Clark,* 62 Kan. at 288. The Kansas Constitution provides that "[e]ach house shall be the judge of elections, returns and qualifications of its own members." Kan. Const. art 2, § 8. In this instance, the legislature has limited the time in which to contest an election by means of mandamus or injunction. The intent of the legislature in enacting L. 1978, ch. 138, § 20(*f*) can only be construed as a bar to plaintiff's action.

The district court held that by reason of L. 1978, ch. 138, § 20(*f*), it lacked jurisdiction of plaintiff's action. We view the statute as more in the nature of a statute of limitations (*State v. Tipton,* 166 Kan. 145, 151, 199 P.2d 463 [1948]) than a jurisdictional statute (see *Ginns v. Savage,* 61 Cal. 2d 520, 39 Cal. Rptr. 377, 393 P.2d 689 [1964]. Contra, *Duggan v. Bailey,* 317 P.2d 200 [Okla. 1957]; *Mitchell v. Carroll Independent School District,* 435 S.W.2d 280 [Tex.Civ.App. 1968]).

However, defendants' motion to dismiss stated an alternative ground: failure to state a claim upon which relief can be granted. K.S.A. 60-212(*b*)(6). Defendants' motion to dismiss raised the question of the limitations bar prescribed by L. 1978, ch. 138, § 20(*f*).

K.S.A. 60-212(*b*) provides:

"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in K.S.A. 60-256  . . . . ."

See also *Edmonds v. Union Pacific Railroad Company,* 294 F. Supp. 1311, 1313 (D. Kan. 1969).

The district court had before it the following uncontroverted facts: (1) the contest board unanimously voted that plaintiff's objection be overruled on September 8; (2) the written order of the contest board was filed with the secretary of state on September 28; (3) a copy of the written order was received by plaintiff not later than October 3; (4) in a letter dated October 3, plaintiff requested a breakdown of the $185 in costs assessed to him; (5) in a letter dated October 10, the secretary of state responded to plaintiff with a breakdown of the costs, one-half the reporter's fee; and (6) on October 16 plaintiff commenced this action for relief in mandamus and injunction. While other facts may be disputed, the above facts are all that are necessary for determination of the existence of a genuine issue as to timeliness of plaintiff's action. Disputed facts which are immaterial to a controlling issue do not preclude summary judgment. *Bowen, Administrator v. Lewis,* 198 Kan. 605, Syl. ¶ 1, 426 P.2d 238 (1967); *Smith v. Engel,* 206 Kan. 298, 300, 477 P.2d 937 (1970); *In re Estate of Messenger,* 208 Kan. 763, 768, 494 P.2d 1107 (1972).

There is no genuine issue as to the material facts. The final decision of the contest board was rendered and made known to plaintiff on September 8; the decision was reduced to writing and filed on September 28. A copy of the written decision, including recitation of assessment of costs to plaintiff, was received by plaintiff not later than October 3. Time to file his action for relief in mandamus and injunction within the time permitted by L. 1978, ch. 138, § 20(*f*), was available to plaintiff. The letter of October 3 from plaintiff to the secretary of state requesting a breakdown of the assessed costs did not extend the "finality" date of the contest board decision. Plaintiff's action was barred by L. 1978, ch. 138, § 20(*f*), regardless of whether the statute be regarded as one of limitations or one of jurisdiction. We therefore affirm, even though our reasoning is slightly different than that of the trial court. *Belger Cartage Serv., Inc. v. Holland Constr. Co.,* 224 Kan. 320, 334, 582 P.2d 1111 (1978).

Plaintiff contends that L. 1978, ch. 138, § 20(*f*), requiring that mandamus and injunction proceedings be commenced not less than thirty (30) days before the election, is unconstitutional as a violation of Kan. Const. art. 2, § 16, which provides in part:

"No bill shall contain more than one subject except appropriation bills and bills for revision or codification of statutes. The subject of each bill shall be expressed in its title. . . . The provisions of this section shall be liberally construed to effectuate the acts of the legislature."

Plaintiff did not raise this issue in the pleadings below, but rather in his memorandum submitted to the district court following the initial hearing on October 17. In his memorandum plaintiff stated that the applicability of the statute was raised by the defendants at the initial hearing. Plaintiff argued that the statute is not applicable, but that if it is, it violates the above quoted constitutional provision.

The issue is not addressed by the trial court in either its oral findings or the judgment form. It would seem that the issue was presented to the court and must necessarily have been determined. By implication the district court held the statute constitutional.

Plaintiff's argument to the district court and before us is that the statute is unconstitutional in two particulars: (1) it contains more than one subject, and (2) the title does not clearly express the content. The title of L. 1978, ch. 138, is in material part as follows:

"AN ACT relating to elections; prescribing the procedure for the conduct of certain contests of elections; relating to candidacy for school board member; amending K.S.A. 25-308, as amended by 1978 Senate Bill No. 797, and K.S.A. 1977 Supp. 25-2020 and repealing existing sections . . . ."

Sections 1-19 of the statute prescribe procedure for the contest of general elections, as opposed to primary elections, to various offices and is essentially a revision of K.S.A. 25-1401, *et seq.* Section 20, with which we are here involved, is an amendment to K.S.A. 25-308. Subsection (f), providing that all mandamus and injunction proceedings must be commenced not less than thirty days before the election, is simply a carry-over of that subsection as it read before the amendment.

In *State v. Roseberry,* 222 Kan. 715, 567 P.2d 883 (1977), the Supreme Court recently stated:

"Provisions of Article 2, Section 16, of the Kansas Constitution are a mandate to the legislature that no bill enacted into law shall contain more than one subject and that subject must be clearly expressed in the title, but it is not necessary that the title be an abstract of the details of the entire act. It is sufficient if the title indicates clearly the general scope of the act and if the details in the body of the act are all germane to the subject expressed in the title. When attacked as violating

the foregoing constitutional provision a title of an act will be liberally construed." (Syl. ¶ 1.)

The defendants point to the language of art. 2, § 16, which excepts from the single subject requirement "appropriation bills and bills for revision or codification of statutes." Defendants argue that this language (added in a 1974 revision of the article) is sufficient to answer plaintiff's argument that the statute contains more than one subject because, they contend, the act is one "for revision or codification of statutes."

Even if the constitutional language of exception is not considered, however, the statute appears to be within the constitutional restrictions. In *Brickell v. Board of Education,* 211 Kan. 905, 508 P.2d 996 (1973), the title of the statute attacked was as follows:

" 'AN ACT concerning education; issuance of bonds by school districts in certain cases; amending K.S.A. 1971 Supp. 72-8213 . . . .' " (211 Kan. at 911.)

The court stated that "the declaration that [the act] concerns education is broad enough to cover any of the subject matter of the act" (211 Kan. at 913) and discussed some previous cases:

"This court considered the problem in depth in the case of *City of Wichita v. Sedgwick County,* 110 Kan. 471, 204 Pac. 693, wherein the constitutionality of sections of an act pertaining to allocation of expenses in connection with suppression of smallpox or other contagious diseases was challenged on the ground that such provisions were not within the scope of the title 'An act relating to cities of the first class.' In support of its decision upholding the act, the court, by way of analogy, referred to the general act of 1876 relating to public education entitled 'An act for the regulation and support of common schools.' The act embodied the entire foundation of our public school system. The court had this to say about the scope of the title to that act:

" '. . . But though the title to this act gives no hint of these far-reaching details, yet because they are mere details of the general scheme of the act for the effective regulation and support of common schools, and are germane and pertinent to the principal purpose of the act, they are not subject to constitutional infirmity under section 16 of article 2.' (p. 473.)

"In the more recent case of *Colorado Interstate Gas Co. v. State Corporation Comm.,* 192 Kan. 30, 386 P.2d 288, the subject matter of the Gas Conservation Act of 1959 was held to have been sufficiently expressed in the title of the act and it was said in the opinion:

" 'A title is sufficient if it indicates clearly, though in general terms, the scope of the act. The more general the language of the title, the broader the subject matter of the act may be.' " (211 Kan. at 912-913.)

The title of the act with which we are concerned provides that it

is "AN ACT relating to elections . . . ." It would seem that it is broad enough to encompass all the provisions of the act so as to comply with the constitutional single subject requirement.

As to clear expression of content, the discussion in *Brickell* is equally applicable and it should be noted that the title specifically provides that the act amends K.S.A. 25-308. *Brickell* also speaks to this point:

"Where subject matter in an amended act was included in the original act and the title of the original act was sufficient, the requirements of Article 2, Section 16 of the Constitution of the State of Kansas are satisfied as to the title of the amended act insofar as the original subject matter is concerned." (211 Kan. 905, Syl. ¶ 3.)

Insofar as L. 1978, ch. 138 provides that mandamus or injunction proceedings may not be commenced less than thirty (30) days before the election, the reference in its title to "amending K.S.A. 25-308" is sufficient to give notice of its content, since the original act contained that same provision. L. 1978, ch. 138 is not unconstitutional as a violation of Kan. Const. art. 2, § 16.

Affirmed.

PARKS, J., not participating.