Don Jarrett, Chief Counsel Johnson County Legal Department 111 S. Cherry Street, Suite 3200 Olathe, Kansas 66061-3441
Dear Mr. Jarrett:
As Chief Counsel for the Johnson County Legal Department, you request our opinion regarding the manner in which the election of a city officer should be conducted. Specifically, you ask whether a person seeking the office of city council member for the City of Overland Park may appear on the ballot as a partisan candidate and an independent candidate for that office.
The City of Overland Park is a city of the first class in a county designated as an urban area. As such, its city elections are conducted on a partisan basis. A person seeking the office of city council member through the city election scheduled for April, 1997, has filed as a Republican Party candidate and as an independent candidate for that office. Because no other person has filed as a Republican Party candidate for the office, and only one other person has filed as an independent candidate for the office, no primary election is to be conducted for this particular city office. If permitted, therefore, the person would be listed twice on the general election ballot as a candidate for member of the city council.
State statute expressly establishes a mechanism through which the validity of a nomination of candidacy for city office may be reviewed. K.S.A. 25-308 provides in part:
 "(a) Any certificate of nomination, nomination petitions or declaration of intention to become a candidate, filed or issued in apparent conformity with law, shall be deemed to be valid unless:
 "(1) Objection thereto is made in writing within three days from the date the certificate, petitions or declaration is filed with or issued by the proper officers. . . .
 "(c) In the case of nominations of national and state officers, objections shall be filed with the secretary of state and shall be considered by the lieutenant governor, secretary of state, and attorney general, and a decision of a majority of these officers shall be final. In the case of nominations for county, township, city and school officers, objections shall be filed with the county election officer, clerk of the district court and county attorney or district attorney, and a decision of a majority of these officers shall be final." (Emphasis added).
While causes for objection may be one of those causes listed in K.S.A. 25-1436, it appears an objections board may consider additional causes. See Douville v.Docking, 210 Kan. 285 (1972). It is our understanding that neither the Republican Party nomination nor the independent nomination of the candidate for city council member was subject to an objection filed within the time prescribed. Therefore, the objections board no longer possesses the authority to review the validity of the nominations. State, ex rel., v. Penner, 124 Kan. 285,286-87 (1927); see Douville, 210 Kan. at 287.
The conduct of city elections is governed by K.S.A.25-2101 et seq. Elections for offices in the City of Overland Park are subject to subsection (b) of K.S.A.25-2113.
 "(b) The provisions of this subsection (b) shall apply to cities of the first class in counties which have been declared urban areas as authorized by article 2, section 17, of the constitution of Kansas. Election laws of a general nature which are applicable to partisan elections and which are not in conflict with this subsection (b) or any specific law applicable to election of city officers in any city to which this subsection (b) applies, shall apply to elections held under the provisions of this subsection (b). The county election officer shall prescribe the forms, ballots and ballot labels for every election conducted under this subsection (b), and shall make such rules and regulations not inconsistent with this subsection (b) as may be necessary for the conduct of such elections." K.S.A. 25-2113 (emphasis added).
The provisions of K.S.A. 25-2101 et seq. do not address the issue you present. Therefore, as provided in K.S.A. 25-2113, it must be determined whether election laws of a general nature address whether a person may appear on a ballot as a partisan candidate and as an independent candidate for the same office.
K.S.A. 25-306 provides in part:
 "No person shall accept more than one nomination for the same office.
. . . .
 "Whenever any person shall receive two or more nominations for the same office on the same date, it shall be his duty, within the time limited for the filing of certificates of nomination, to file with the officer with whom the certificates of nomination are filed a written statement, signed and sworn to by him, designating which one of such nominations he desires to accept, and upon the filing thereof he shall be deemed to have declined the other nominations; and if he shall refuse or neglect to so file such an election, the officer with whom the certificates of nomination are filed shall, immediately upon the expiration of the time for filing of certificates of nomination, make and file in his office an election of one nomination for such candidate. The county election officer shall print such candidate's name upon the official ballot under the designation so selected, but under no other designation whatever."
Unlike K.S.A. 25-303, which was reviewed in Attorney General Opinion No. 95-96, K.S.A. 25-306 does not include a provision expressly precluding its application to city elections. K.S.A. 25-306 is an election law of general nature which is applicable to partisan elections. Because K.S.A. 25-2101 et seq. include no provisions regarding acceptance of multiple nominations, K.S.A. 25-306 does not conflict with subsection (b) of K.S.A. 25-2113 or any other law specifically applicable to the election of city officers in any city which conducts its elections pursuant to subsection (b) of K.S.A. 25-2113. Therefore, K.S.A. 25-306 is applicable to an election of members of the city council for the City of Overland Park. Under the provisions of K.S.A.25-306, a candidate may accept only one nomination for an office. A candidate who, through the filing of multiple declarations of intention to become a candidate, has accepted more than one nomination to an office must, prior to 12:00 o'clock noon on the Tuesday preceding by ten weeks the first Tuesday in April (see
K.S.A. 25-2109) designate the nomination the candidate wishes to accept. If the candidate fails to make such a selection, the county election officer shall make the selection on behalf of the candidate. The name of the candidate will then be printed once on the ballot under the designation selected by the candidate or county election officer.
Because it is determined the candidate's name will be printed once on the ballot, it is not necessary for us to address your question regarding the manner in which votes cast for a candidate appearing on the ballot more than once should be counted.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm