Jill E. Chard Wilson County Attorney 615 Madison, Room 201 Fredonia, Kansas 66736
Dear Ms. Chard:
As Wilson County Attorney, you request our opinion regarding the validity of a nomination petition filed by a potential candidate for member of a board of education. Specifically, you ask whether any elector residing within a unified school district which utilizes voting plan-B may sign a nomination petition for a person seeking to become a candidate for a member district position on the board of education even though the elector and the potential candidate do not reside in the same member district.
It is our understanding that a person seeking to become a candidate for member of a board of education for a unified school district located in Wilson County has submitted a petition signed by not less than 50 electors residing in the school district. The unified school district utilizes voting plan-B for the election of its board members. The person submitting the petition is seeking to become a candidate for a member district position rather than an at-large position. The petition was accepted by the county election officer. No objection regarding the petition was filed.
Unified school districts are governed by a board of education composed of seven members.[1] Members of the board of education for a unified school district may be elected pursuant to one of three methods of election: voting plan-A, voting plan-B, or voting plan-C.[2] Under voting plan-B:
 "All electors, who are otherwise qualified according to law, and who reside in the member district may vote in the primary election for the member positions of such member district and for the at-large member position. All electors, who are otherwise qualified according to law, and who reside in the school district may vote in the general election for all member positions, including the at-large member position, to be filled."[3]
Therefore, in a unified school district utilizing voting plan-B, an elector may vote in the primary election for a candidate residing in the member district in which the elector resides[4] and for the at-large member. In the general election, the elector may vote on all member positions.
K.S.A. 25-2020 establishes the procedures through which a person may become a candidate for member of a board of education. The statute provides in part:
 "(a) When a district method of election is in effect in any school district, a person may become a candidate for election to board member by any one of the following methods:
 "(1) Any person who is an elector in any member district may petition to be a candidate for board member from the member district in which such person resides. Any such person shall file with the county election officer, a petition for such candidacy signed by not less than 50 electors residing in such member district or by a number of such electors equal to not less than 10% of the electors residing in such member district, whichever is less.
. . . .
 "(b) When the election at large method is in effect in any school district, a person may become a candidate for election to board member by either one of the following methods:
 "(1) Any person who is an elector of the school district may petition to be a candidate for board member. Any such person shall file with the county election officer a petition for such candidacy signed by not less than 50 electors residing in the school district."[5]
The ambiguity in determining which electors may sign the petition of a person seeking to become a candidate for member of the board of education of a unified school district utilizing voting plan-B becomes readily apparent when reviewing K.S.A. 25-2005. K.S.A.25-2005 provides definitions for terms used in the School Election Act.[6]
 "(c) `Voting plan' means one of the three voting plans described in this act. `Voting plan-A' is election at large in both primary and general elections. `Voting plan-B' is voting by a district method in the primary and by election at large in the general election. `Voting plan-C' is voting by a district method in both the primary and general elections."[7]
A procedure for challenging the validity of nominations is provided by State statute.
 "(a) Any certificate of nomination, nomination petitions or declaration of intention to become a candidate, filed or issued in apparent conformity with law, shall be deemed to be valid unless:
 "(1) Objection thereto is made in writing within three days from the date the certificate, petitions or declaration is filed with or issued by the proper officers; or
 "(2) in the case of certificates of nomination, nomination petitions and declarations of intention to become a candidate, the secretary of state or the county election officer finds them to be invalid pursuant to K.S.A. 25-208a, and amendments thereto."[8]
Objections regarding the nominations of school officers are to be filed with the county election officer and considered by the county election officer, clerk of the district court, and the county or district attorney.[9] While causes for objection may be one of those causes listed in K.S.A. 25-1436,[10] it appears an objections board may consider additional causes.[11] A decision of a majority of the members regarding the objection is final.[12]
Because no timely objection regarding the petition was filed, the petition is by State statute deemed to be valid. Because the jurisdiction of the objections board was not timely invoked to determine the regularity of the nomination petition, the nomination petition is "deemed to be valid" by State statute.[13] Therefore, under the circumstances provided, the nomination petition submitted by the person seeking to become a candidate for member of the board of education of a unified school district utilizing voting plan-B is deemed valid regardless whether the petition was signed by electors residing within the unified school district, but not in the district member position in which the person sought to be a candidate.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:
[1] K.S.A. 72-7901.
[2] See K.S.A. 72-7903; 72-8003.
[3] K.S.A. 72-8003.
[4] See K.S.A. 25-2022a (persons elected or appointed to be a member of the board of education of a school district utilizing member districts must reside in the member district corresponding to the member position to which such person is elected or appointed).
[5] K.S.A. 25-2020 (emphasis added).
[6] K.S.A. 25-2001 et seq.
[7] K.S.A. 25-2005 (emphasis added).
[8] K.S.A. 25-308.
[9] Id.
[10] Id.
[11] See Douville v. Docking, 210 Kan. 285 (1972).
[12] K.S.A. 25-308.
[13] See State v. Penner, 124 Kan. 285 (1927).