David L. Hiebert Belle Plaine City Attorney 200 Farm Credit Bank Building 245 North Waco Wichita, Kansas 67202
Dear Mr. Hiebert:
As attorney for the City of Belle Plaine, Kansas, you request our opinion on whether any registered voter can file an objection to a primary election or whether such objections are limited to candidates in the primary election.
You indicate that a primary election was held in Sumner County on the 2nd day of March, 1999, for mayor and two city council seats. Improper voting instructions were given by the County Clerk instructing voters to vote for two mayor candidates and six city council candidates. The error was later discovered and voting continued with new voting instructions, directing voters to vote for one mayor candidate and two city council candidates. The County Clerk issued a memorandum and press release inferring that only candidates are allowed to file objections with the County Election Officer pursuant to K.S.A. 1998 Supp. 25-308.
K.S.A. 1998 Supp. 25-308 does not expressly state who can file an objection:
 "(a) Any certificate of nomination, nomination petitions or declaration of intention to become a candidate, filed or issued in apparent conformity with law, shall be deemed to be valid unless:
 "(1) Objection thereto is made in writing within three days from the date the certificate, petitions or declaration is filed with or issued by the proper officers; or
 "(2) in the case of certificates of nomination, nomination petitions and declarations of intention to become a candidate, the secretary of state or the county election officer finds them to be invalid pursuant to K.S.A. 25-208a, and amendments thereto."
The statute further provides that the causes for objection "may be any of those causes listed in K.S.A. 25-1436. . . ."[1]
K.S.A. 25-1436 lists grounds that are relevant to voters as well as to candidates.
Kansas case law indicates that persons other than candidates can file objections. In Simpson v. Osborn[2] "objections to said nomination paper were filed by other electors of said judicial district."[3] The "other electors" objected to nomination papers that purported to be signed by two persons who allegedly never signed.[4] In Hanson v. Cornell,[5] the "chairman of the Democratic central committee of two of the counties composing the judicial district filed objections before the state contest board."[6] The pertinent provision of K.S.A. 1998 Supp. 25-308 has not been substantively changed since these cases were decided. Further, the Secretary of State's Office informs us that it has been the State's practice to consider objections regardless of the identity of the person filing.
According to K.S.A. 25-1435, "[a]ny registered voter may contest the election of any person for whom such voter had the right to vote, when such person is issued a certificate of election to any state, county, township, city or school office, except that the foregoing shall not apply to the election of persons to the United States Congress. Any registered voter may contest the determination of the result of any question submitted election at which such voter had the right to vote." There is no similar provision in the objection statutes limiting the persons eligible to object.
For the foregoing reasons, it is our opinion that the K.S.A. 1998 Supp. 25-308 objection process is open to registered voters as well as candidates.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm
[1] K.S.A. 1998 Supp. 25-308(e).
[2] 52 Kan. 328 (1893).
[3] Id. at 329.
[4] Id.
[5] 136 Kan. 172 (1932).
[6] Id.